UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re DEUTSCHE BANK AG SECURITIES LITIGATION | : Master File No. 1:09-cv-01714-DAB<br>:<br>: <u>CLASS ACTION</u><br>: |
| This Document Relates To:<br><br>    ALL ACTIONS. | :<br>:<br>: |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
BELMONT HOLDINGS CORP. FOR PARTIAL RECONSIDERATION OF THE ORDER
CONSOLIDATING THE RELATED ACTIONS, APPOINTING LEAD PLAINTIFF AND
APPROVING OF SELECTION OF LEAD COUNSEL

Lead Plaintiff movant Belmont Holdings Corp. ("Belmont Holdings") respectfully submits this reply memorandum of law in further support of its motion for partial reconsideration of this Court's August 11, 2009 Order (the "Order,"), to the extent that it appointed Norbert G. Kaess and Maria Farruggio ("Kaess and Farruggio") to serve as lead plaintiffs and approved of their selection of counsel as lead counsel, and in response to the opposition of Kaess and Farruggio.

There is no dispute that motions for lead plaintiff in this action had to be filed by April 27, 2009 in order to be considered timely under the Private Securities Litigation Reform Act (the "PSLRA"). There is also no dispute that Belmont Holdings filed a motion for lead plaintiff on that date claiming a financial interest of nearly $12 million based on its trades in Deutsche Bank Preferred Securities. The only issue in dispute is whether Belmont Holdings' failure to comply with local instructions regarding how to file a motion – by filing all of its motion papers as a combined document, rather than as independent documents – should deem its motion untimely.

Importantly, this was not an issue that was addressed in the briefing on the lead plaintiff motions and then ruled on by the Court. Rather, in the Order, the Court *sua sponte* held that Belmont Holdings' motion was untimely because it was listed as being filed on April 28, 2009 (it had actually been *re-filed* on that date), without any discussion about whether a motion is considered timely if its supporting documents are filed as a combined document, as opposed to separate documents, by the proper deadline.

While the Second Circuit has already opined on this issue, *see Transportes Navieros y Terrestres S.A. DE C.V. v. Fairmount Heavy Transp. N.V.*, No. 07-cv-3929, 2009 U.S. App. LEXIS 13394, at *8-*9 (2d Cir. June 23, 2009), as have other courts, *see e.g., Royall v. Nat'l Assoc. of Letter Carriers*, 548 F.3d 137 (D.C. Cir. 2008), Kaess and Farruggio nevertheless challenge those holdings. Citing no case law, or other legal or factual support, Kaess and Farruggio contend that

- 1 -

since counsel for Belmont Holdings previously complied with this Court's local instructions regarding how to file a motion, the supporting documents filed in connection with Belmont Holdings' motion for lead plaintiff, which concededly did not comply with these instructions, should be deemed untimely.[1]

That, however, is not the law. While the PSLRA provides that motions for appointment of lead plaintiff must be *filed* no later than 60 days after publication of the notice informing investors of the pendency of an action, there can be no legitimate dispute that Belmont Holdings' motion was *filed* no later than 60 days after publication of such notice in this action, or by April 27, 2009.

Indeed, on April 27, 2009, Belmont Holdings filed its motion for lead plaintiff on the ECF system of the Southern District of New York. *See* Docket Entry #5. Instead of filing each of the supporting documents to the motion separately, Belmont Holdings attached those supporting

---

[1]   Notably, in connection with the filing of their own motion, Kaess and Farruggio failed to comply with a rule set forth in the Electronic Case Filing Rules & Instructions of the Southern District of New York (http://www1.nysd.uscourts.gov/ecf/ECF_rules_SDNY_Aug08.pdf), which, ironically, is the same source for the ECF instructions that Belmont Holdings did not comply with. While Kaess and Farruggio argue that Belmont Holdings' motion should be deemed untimely because it did not comply with ECF Instruction 15.2, they themselves chose to ignore compliance with ECF Rule 8.2, which requires that ". . . the name of the Filing User under whose log-in and password the document is submitted must be preceded by an 's/' typed in the space where the signature would otherwise appear." *Id.*

Specifically, in connection with its motion, the Filing User for Kaess and Farruggio was Eva Hromadkova. *See* Docket Entries 6 and 7. The motion papers that they filed, however, contained nothing more than an "/s/" on the signature line – no signature was provided (*i.e.*, no attorney's name was listed) and, although Ms. Hromadkova is listed on the signature block, her name is not "preceded by an 's/,'" as is required, but rather by the name of Brian P. Murray. *See* Kaess and Farruggio's Motion to be Appointed Lead Plaintiff and for Approval of their Selection of Lead Counsel, dated April 27, 2009 at 2; *see also* Memorandum of Law in Support of Kaess and Farruggio's Motion to be Appointed Lead Plaintiffs and for Approval of their Selection of Lead Counsel, dated April 27, 2009 at 11. Thus, Kaess and Farruggio would be hard-pressed to argue that Belmont Holdings' motion should be fatal for failure to comply with an ECF Instruction, when they themselves failed to comply with an ECF Rule.

documents to its motion. Those attached documents, which were clearly described as being the memorandum of law and declaration in support of the motion, were all readily accessible through the Court's ECF system and on the docket in this case as of April 27, 2009, although, admittedly, they were erroneously filed as one combined document. Those documents were also served on all counsel of record, which included counsel for Kaess and Farruggio, on April 27, 2009. Thus, there can be no dispute that Belmont Holdings' financial interest was timely asserted – and served on all counsel of record – within the 60-day deadline set forth in the PSLRA.

As previously set forth in Belmont Holdings' motion for reconsideration, it appears that the Court found that Belmont Holdings' motion was untimely because of an unclear entry on the docket concerning when Belmont Holdings' motion for lead plaintiff was actually filed. The re-filing of Belmont Holdings' motion the next day, on April 28, 2009 (which was done in response to the docket entry listed between docket numbers 8 and 9 on the docket directing Belmont Holdings to do so), appears to have only added to the confusion. As Kaess and Farruggio had been timely served with the motion and the supporting documentation, and since Belmont Holdings had asserted its financial interest within the 60-day period, they could not argue – nor did they – that Belmont Holdings' motion for lead plaintiff was untimely.

Finally, Kaess and Farruggio's inability to cite to a single case, or any other legal authorities, to support their argument that Belmont Holdings' non-compliance with an ECF instruction should determine the timely status of its motion, is telling. Their effort to distinguish the cases relied on by Belmont Holdings – by stating that those cases involved dispositive motions, whereas here the action still continues – is a distinction without a difference since the prejudice to Belmont Holdings by denial of its motion would still exist. By contrast, given that Belmont Holdings' financial interest was asserted within the 60-day period, its failure to comply with the local instruction on filing was

nonwillful and erroneous, and its motion was timely served on all counsel, Kaess and Farruggio cannot argue that they have been prejudiced in any way by the format of Belmont Holdings' filing on April 27, 2009.  And, under Federal Rule of Civil Procedure 83(a)(2), which Kaess and Farruggio ignore, a "local rule imposing a requirement of form must not be enforced in a way that causes a party to lose ***any right*** because of a nonwillful failure to comply."  *Id*. (emphasis added); *see also Contino v. United States*, 535 F.3d 124 (2d Cir. 2008).

Accordingly, it is respectfully submitted that Belmont Holdings' motion for reconsideration of the Order be granted in full and that the Court appoint Belmont Holdings – the movant with by far the largest financial interest – as Lead Plaintiff and approve of its selection of Lead Counsel.

DATED:  September 17, 2009                Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.

               /s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

- 4 -

>
> COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> ANDREW J. BROWN
> MATTHEW P. MONTGOMERY
> ERIC I. NIEHAUS
> LUCAS F. OLTS
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
> Telephone:  619/231-1058
> 619/231-7423 (fax)
>
> LAW OFFICES OF BERNARD M.
>   GROSS, P.C.
> DEBORAH R. GROSS
> Wanamaker Bldg., Suite 450
> 100 Penn Square East
> Philadelphia, PA  19107
> Telephone:  215/561-3600
> 215/561-3000 (fax)
>
> *[Proposed] Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on September 17, 2009, I caused a true and correct copy of the attached:

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF BELMONT HOLDINGS CORP. FOR PARTIAL RECONSIDERATION OF THE ORDER CONSOLIDATING THE RELATED ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING OF SELECTION OF LEAD COUNSEL

to be served electronically on all counsel registered for electronic service for this case.

*/s/ David A. Rosenfeld*
David A. Rosenfeld