```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re DEUTSCHE BANK AG              :
SECURITIES LITIGATION               :
------------------------------------X   09 Civ. 1714 (DAB)
                                    :
This Document Relates To:           :   MEMORANDUM & ORDER
                                    :
ALL ACTIONS                         :
                                    :
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

Plaintiff Belmont Holdings Corp. moves for Partial Reconsideration of the portion of the Court's August 11, 2009 Order appointing Kaess and Farruggio Lead Plaintiff and Kaess and Farruggio's choice of counsel as Lead Counsel. For the reasons that follow, Belmont Holdings' Motion is GRANTED. Upon reconsideration of Belmont Holdings' and Keass and Farruggio's Motions for Appointment as Lead Plaintiff, Belmont Holdings is appointed Lead Plaintiff and Keass and Farruggio are appointed Co-Lead Plaintiff. Belmont Holdings' and Kaess and Farruggio's choices of Lead Counsel are appointed Lead Counsel and Co-Lead Counsel respectively.

I. DISCUSSION

A. Motion for Partial Reconsideration

  1.  Legal Standard

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSC Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (holding that a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."). In addition, "The standards governing a motion to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." Word v. Croce, No. 00 Civ. 6496, 2001 WL 755394, at * 2 (S.D.N.Y. July 5, 2001).

Furthermore, a motion for reconsideration is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Thus Local Rule 6.3 should be "narrowly construed and strictly applied" to avoid repetitive arguments already submitted to the Court. National Congress for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (citation omitted).

Moreover, the parties "may not address facts, issues or arguments not previously presented to the Court," U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998 (citations omitted), because a motion to reconsider should never act "as a substitute for appealing from a final judgment." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 170 F.R.D. 111, 113 (S.D.N.Y. 1997) (citation omitted).

    2.    Federal Rule of Civil Procedure Rule 83(a)(2)

Belmont Holdings moves for the Court to partially reconsider its August 11, 2009 Order consolidating the six related cases and appointing movant Kaess and Farruggio as Lead Plaintiff. In that Order, the Court found that Kaess and Farruggio were "the only Plaintiffs who have *timely* moved or submitted supporting documentation as to their financial interest in the relevant Deutsche Bank AG Securities." (Aug. 11, 2009 Order, 9) (emphasis added). Belmont Holdings first contends that the Court overlooked the fact that its Motion for Appointment as Lead Plaintiff was originally filed on April 27, 2009, and despite the fact that its filing was rejected by the docketing clerk, was nevertheless timely. It argues that the docket sheet notation of April 28, 2009 for the Motion, and hence the Court's determination that its Motion was untimely, resulted from its

3

failure to file its supporting documents separately from the Motion on April 27, 2009, thus leading to the rejection of its filing and the need to re-file the entire Motion the following day. (Rosenfeld Decl., Ex. B).

Belmont Holdings further cites to Transportes Navieros y Terrestres S.A. de C.V. v. Fairmount Heavy Transport N.V., 572 F.3d 96 (2d Cir. 2009), and Federal Rule of Civil Procedure 83(a)(2), which states that "[a] local rule imposing a requirements of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." In Transportes Navieros, the plaintiff had attempted to file a timely Motion for Reconsideration, which was rejected by the clerk because the motion and the supporting documents were filed as one document rather than separately. Two days later, the plaintiff re-filed the motion papers and the district court denied the motion as untimely. 572 F.3d 96 at 99. On appeal, the Second Circuit found that there was no indication that the plaintiff's "failure to submit the motion for reconsideration in the proper form was willful." Id., at 100. Then, citing Rule 83(a)(2), the Court of Appeals reversed the decision of the district court, noting that because the plaintiff "would lose its right to appeal if the local rule regulating the form of the motion were enforced," the Motion for Reconsideration would be

considered to have been timely filed on the date of the plaintiff's attempted filing.  Id.

In opposing Belmont Holdings' Motion for Partial Reconsideration, Kaess and Farruggio argue that unlike the facts of Transportes Navieros, the Court's finding here that Belmont Holdings did not timely file its Motion for Lead Plaintiff did not cause Belmont Holdings to "forfeit[] a major substantive right - the right to appeal - . . . [such that] the litigation would be terminated."  (Kaess and Farruggio, Opp. Mem., 5). While Kaess and Farruggio may be correct that the right to move for Lead Plaintiff status is not a "substantive right" equivalent to that of filing an appeal, the distinction is not dispositive here.  The language of Rule 83(a)(2) specifies that local rules as to the form of a filing "must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."  Federal Rule of Civil Procedure 83(a)(2) (emphasis added).  Thus, the language of Rule 83(a)(2) does not limit its scope to the loss of only "substantive" rights.

Accordingly, because the Court did not consider Rule 83(a)(2) at the time of its August 11, 2009 Order, and because Rule 83(a)(2) prevents the Court from interpreting the Local Rules so as to find Belmont Holdings' Motion untimely, Belmont Holdings' Motion for Partial Reconsideration is GRANTED.

B.  Appointment of Lead Plaintiff

    1.  Presumptive Lead Plaintiff

In light of the Court's grant of Belmont Holdings' Motion for Reconsideration, it finds that both Kaess and Farruggio and Belmont Holdings have filed timely Motions for Appointment as Lead Counsel, and will now consider both Motions.

A rebuttable presumption directs the court's inquiry when appointing lead plaintiff under the PSLRA.  The PSLRA provides that the most adequate plaintiff is the person or group of persons which:

> (aa)  has _either_ filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

This presumption, however, may be rebutted upon proof offered by another member of the purported class "that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Belmont Holdings has $11,924,000.00 in losses at stake in the subject securities, (Alba Decl. ¶ 3, Ex. B), a significantly larger financial interest than the $289,830.00 that Kaess and Farrugio have at stake, (Hromadkova Decl., Ex. D).

2.   2. F.R.C.P. 23 Requirement

The Rule 23 inquiry under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires. See Weinberg v. Atlas Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("[a] wide-ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification") (internal quotations and citations omitted); Pirelli Armstrong Tire Corp. v. Labranche & Co., Inc., No. 03 Civ. 8264, 2004 WL 1179311, at *14 (S.D.N.Y. May 27, 2004) (same) (citing Weinberg). At this stage in the litigation, one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. Weinberg, 216 F.R.D. at 252; see also Weltz v. Lee, No. 00 Civ. 3863, 2001 WL 228412, at *5 (S.D.N.Y. March 7, 2001). Any preliminary class certification findings of adequacy and typicality made at this time do not preclude a party from contesting the ultimate class certification. See Weltz, 2001 WL

228412, at *5; see also Koppel v. 4987 Corp., Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999) (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

i. Typicality

The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." In re Oxford Health Plans, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)). Typicality "does not require that the factual background of [the lead plaintiff's] claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the [lead plaintiff's] claim as to that of other members of the proposed class." Caridad v. Metro-North Commuter Railroad, 191 F.3d 283, 293 (2d Cir. 1999) (internal quotations and citations omitted).

Belmont Holdings' claims are typical of those of the proposed class. Like all other proposed class members, Belmont Holdings allegedly (1) acquired the Defendant's Securities

pursuant and or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with the Company's Securities Offerings; (2) purchased those shares at prices that included artificial inflation; (3) resulting in damages under the federal securities laws. The Belmont Holdings claims therefore arise from the same factual predicate as those in the other five Class Action Complaints. Accordingly, the Court finds that Belmont Holdings' satisfies Rule 23's typicality requirement.

### ii. Adequacy

The adequacy requirement is satisfied if (1) the interests of the class members are not antagonistic to one another; and (2) the class counsel is qualified, experienced, and generally able to conduct the litigation. <u>In re Flag Telecom Holdings, Ltd. Securities Litigation</u>, 245 F.R.D. 147, 160 (S.D.N.Y. 2007) (citing <u>Baffa v. Donaldson, Lufkin & Jenrette Securities Corp</u>. 222 F.3d 52, 60 (2d Cir. 2000)).

Belmont Holdings also satisfies the adequacy requirement. Exhibits D and E of the Alba Declaration, filed in support of Belmont Holdings' motion, suggests to this Court that the firms of Coughlin Stoia Geller Rudman & Robbins LLP, and the Law Offices Bernard M. Gross, P.C., counsel for Belmont Holdings, are

9

generally able to conduct the litigation. This conclusion is also supported by these firms' résumés. See (Alba Decl. Ex. D, at 1) (indicating that the firm has significant experience in prosecuting securities class actions); (Alba Decl. Ex. E, at 2) (same). Further, it does not appear that any antagonism exists among class members. Accordingly, the Court finds that Belmont Holdings is the most adequate Lead Plaintiff.

    iii. Presumption of Adequacy Not Rebutted

The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Although Kaess and Farrugio argue that Belmont Holdings may "prosecute[] the case in a manner that unfairly favors claims regarding securities issued in 2008 (securities it purchased) and prejudice claims regarding securities issued in 2007 and earlier (securities it did not purchase)," (Kaess & Farruggio, Mem. Of Law in Opp. to Mot. of Belmont Holdings for Consolidation, 2-3), the Court finds this contention to be mere speculation at this

point in the litigation. However, while the formal need for subclasses represented by separate class representatives will not arise, if at all, until a motion for class certification is filed, even Belmont Holdings concedes that additional named plaintiffs are sometimes necessary to represent potential subclasses at the time of class certification. See (Belmont Holdings Mem. Of Law, 2) (quoting In re Global Crossing Ltd. Litigation, 313 F. Supp. 2d 189, 204 (S.D.N.Y. 2003)). Accordingly, even prior to class certification, on the possibility that conflicts [may] ultimately arise, the interests of the class can be protected by the appointment of a co-lead plaintiff." Freudenberg v. E*Trade Financial Corp., 2008 WL 2876373, *7 (S.D.N.Y. Jul. 15, 2008).

   The Court has already made findings as to the adequacy and typicality of Kaess and Farruggio, and its choice of lead counsel. See (Aug. 11, 2009 Order, 11-13). Accordingly, Kaess and Farruggio are appointed Co-Lead Plaintiff and their firm, Murray, Frank & Sailer LLP are appointed Co-Lead Counsel. Although the Court fully expects that co-counsel will cooperate and coordinate with each other in serving the best interests of the class, "[t]he Court reserves the ability to alter this structure at any time and for any reason, and will do so if it finds that the progress of the litigation is being delayed, the

11

expenses are being unnecessarily enlarged, or if the structure established proves detrimental, in any way, to the best interests of the proposed class." Freudenberg, 2008 WL 2876373 at *1.

## II. CONCLUSION

For the foregoing reasons, Belmont Holdings' Motion for Reconsideration is GRANTED. Upon reconsideration, Belmont Holdings is appointed Lead Plaintiff and Belmont Holdings' choice of counsel, Coughlin Stoia Geller Rudman & Robbins LLP, and the Law Offices Bernard M. Gross, P.C., are appointed Lead Counsel. In addition, Kaess and Farruggio are appointed Co-Lead Plaintiff and Kaess and Farruggio's choice of counsel, Murray, Frank & Sailer LLP are appointed Co-Lead Counsel. Except to the extent it is inconsistent with this Order, the Court's Order of August 11, 2009 shall remain in effect.

Lead Plaintiffs shall file a Consolidated Complaint within 30 days of the date of this Order. Defendants shall move or answer within 20 days after filing of the Consolidated Complaint.

SO ORDERED.

Dated: New York, New York
November 23, 2009

_Deborah A. Batts_
DEBORAH A. BATTS
United States District Judge

12