UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ─────────────────────── x | | |
| In re DEUTSCHE BANK AG SECURITIES LITIGATION | : : : | Master File No. 1:09-cv-01714-DAB |
| ─────────────────────── | : | CLASS ACTION |
| | : : | |
| This Document Relates To: | : : | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR |
| ALL ACTIONS. | : : | RECONSIDERATION OR REARGUMENT |
| ─────────────────────── x | | |

650485_1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................1

II.  ARGUMENT ......................................................................................................2

    A.   The Second Circuit's Affirmance of the District Court's Decision in *Fait*
    Is Not an Intervening Change in Law Justifying Reconsideration .........................3

    B.   The Second Circuit's Affirmance of the District Court's Decision in *Fait*
    Does Not Support a Different Result .......................................................................4

        1.   The 2007 Offerings and the February 2008 Offering .................................4

        2.   The May 2008 Offering ..........................................................................6

III. CONCLUSION.....................................................................................................7

## I.     INTRODUCTION

On March 26, 2010, defendants moved to dismiss the Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Complaint") in this case, arguing numerous grounds and repeatedly citing the district court opinion *Fait v. Regions Fin. Corp.*, 712 F. Supp. 2d 117 (S.D.N.Y. 2010).  *See, e.g.*, The Deutsche Bank and Individual Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Consolidated Amended Complaint at 1 n.2, 3, 11, 12 n.11. In a carefully reasoned opinion, this Court granted in part and denied in part their motions to dismiss. Memorandum and Order ("Order") (Dkt. No. 59).  Since that Order has been issued, the district court opinion in *Fait* has been affirmed by the Second Circuit, adopting the reasoning of the district court.  *Fait v. Regions Fin. Corp.*, No. 10-2311-cv, 2011 WL 3667784 (2d. Cir. Aug. 23, 2011). Defendants now move for reconsideration or "reargument" in this case, relying exclusively on the Second Circuit's affirmance in *Fait*.  Defendants' Memorandum of Law in Support of Their Motion for Reconsideration or Reargument ("Defs.' Mem.").    But that decision is no basis for reconsideration, and there is no such thing as a motion for "reargument."[1]

Although highly disfavored, a motion for reconsideration ***may*** be brought if there is: (1) a change in controlling law; (2) "clear error" by the court; (3) or discovery of new facts.  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  None of these bases apply here.  Defendants admittedly offer no new facts, do not contend this Court made a "clear error," and do not contend that *Fait* has changed the controlling law in this Circuit in any relevant

---

[1]     "It is well-settled that Rule 59 [of the Federal Rules of Civil Procedure] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

- 1 -

way.  Instead of trying to meet this standard, defendants simply cut and paste whole sections of their earlier motion and insist this Court should change certain portions of its prior decision.  Defendants' transparent attempt to relitigate issues this Court has already spent considerable time resolving should be denied summarily.

On the merits, defendants' arguments were – and remain – flawed.  First, defendants contend that the Court "did not address" the issue of whether defendants' misleading statements and omissions constituted "opinions" under *Fait*.[2]  Defs.' Mem. at 4.  It did.  To the extent any of defendants' actionable false statements could be considered opinions, unlike the complaint in *Fait* this Court found plaintiffs alleged numerous objective, known facts rendering defendants' "subjective" belief in those statements false.  Order at 18.  Second, defendants twist the holding in *Fait* – trying to turn it into a "duty to disclose" case.  *Fait* says nothing about a duty to disclose information.  Contrary to defendants' contentions, this Court correctly found defendants failed to include material information that rendered defendants' statements misleading.  *Id.* at 18-19.  *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706 (2d Cir. 2011), cited by this Court in its Order, speaks directly to this issue and compels the Court's decision.

## II.    ARGUMENT

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Hinds Cnty. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (citation omitted).  "'The

---

[2]    While this Court was careful in its analysis to consider defendants' arguments with respect to each offering and the alleged false statements therein, defendants are more cavalier.  Without reference to any particular offering, or to any alleged false statement or omission, they argue that *every* misleading statement and omission in *every* offering had to be a matter of "opinion."

650485_1

major grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."'" *Id.* (quoting *Virgin Atl. Airways*, 956 F.2d at 1255).

### A.    The Second Circuit's Affirmance of the District Court's Decision in *Fait* Is Not an Intervening Change in Law Justifying Reconsideration

Local Civil Rule 6.3 permits reconsideration upon a change in controlling law, clear error or discovery of new facts.  Defendants do not contend there are any new facts or that this Court committed a clear error.  Nor do they contend the law has changed in this Circuit as a result of the Second Circuit in *Fait*, 2011 WL 3667784.  Reconsideration is thus not available.

The only authority defendants cite for support on this point is this Court's decision in *Simoiu v. U.S. Marshals Servs.*, No. 00 CIV. 7133 (DAB), 2005 WL 646099 (S.D.N.Y. Mar. 18, 2005) (Defs.' Mem. at 5), which does not support reconsideration here.  In *Simoiu*, the district court followed applicable precedent and held that it had subject matter jurisdiction over the dispute. However, subsequent to issuing its order in *Simiou*, the court learned that the controlling Second Circuit precedent on a pivotal issue had been abrogated by a more recent Second Circuit decision.  In the language of Local Civil Rule 6.3, this Court learned of "'an intervening change of controlling law'" that abrogated the law relied upon by the Court and required a different outcome.  *Simoiu*, 2005 WL 646099, at *2.  Here, defendants do not contend the Second Circuit "abrogated" controlling precedent in *Fait*.  Rather, the Second Circuit simply affirmed the district court opinion in that case, which defendants already briefed and argued at length.

- 3 -

**B.      The Second Circuit's Affirmance of the District Court's Decision in
         *Fait* Does Not Support a Different Result Here**

      **1.      The 2007 Offerings and the February 2008 Offering**

In its Order, this Court held that the 2007 Offerings and the February 2008 Offering were

actionable because plaintiffs alleged that: (a) defendant omitted material information concerning a

concentration of credit risk, where defendants' spoke specifically on the topic and Generally

Accepted Accounting Principles ("GAAP") required such a disclosure; and (b) plaintiffs plausibly

alleged that objective, external data demonstrated that defendants did not "subjectively" hold the

opinions of the values of certain assets where GAAP required defendants to consider objective data

such as that cited in the Complaint.  The *Fait* decision affects neither of these holdings.

In *Fait*, the Second Circuit upheld the district court's dismissal of claims where plaintiffs

alleged defendants mistakenly valued the company's reported goodwill and under-reserved for future

loan losses.  Because those items required significant judgment concerning the future worth of the

asset (or loans) and those values were not readily determinable by looking at market indices, the

court held the values were a matter of opinion that could only be false if not honestly (subjectively)

believed.  Thus, in *Fait*, dismissal was warranted because "[t]he complaint does not, however,

plausibly allege that defendants did not believe the statements regarding goodwill at the time they

made them."  *Fait*, 2011 WL 3667784, at *6.  But *Fait* says nothing about a ***duty to disclose*** certain

information, even if that information includes valuations (in this instance it does not).  Where there

is a material omission, as in the case of the 2007 and 2008 Offerings, the subjective belief of the

issuer is not in dispute.  Indeed, it is not relevant at all.

Defendants mangle the holding of *Fait*, trying to turn the duty to disclose material

information into an "opinion" that is only false if the issuer "believes" it is required to disclose

material information, but does not.  Such an interpretation is absurd.  The legal duty to disclose

- 4 -

information under the federal securities laws cannot be incumbent upon the issuers' subjective belief, or every issuer would decide for herself what she would and would not disclose. Thankfully, that is not the case. *See, e.g.*, 17 C.F.R. §229.503 (setting forth disclosure requirements for issuers); *Litwin*, 634 F.3d at 721 (requiring defendants to disclose information concerning the likely future impact on real estate investments of known market trends). *Fait* simply does not address, nor apply to this Court's analysis of, defendants' failure to disclose material information in the 2007 and 2008 Offerings.

Moreover, obviously cognizant of the district court opinion in *Fait* (as argued by defendants in their motions to dismiss), this Court held that defendants' statements concerning the ***extent*** of Deutsche Bank's exposure to subprime and non-prime mortgage backed assets was false and misleading in the context of the Complaint as a whole, pointing specifically to contemporaneous, objective, known data that blatantly contradicted defendants' reported numbers. The Court pointed to allegations establishing both market conditions relevant to the specific assets at issue ***and*** specific market indices (the ABX and TABX) that reported values of assets similar to the very ones held by Deutsche Bank.[3] Order at 18-19. Plaintiffs clearly and plausibly alleged that the statements in the 2007 Offerings and February 2008 Offering were false, and *Fait* does not require a different result.[4]

---

[3]     *Cf. Fait II*, 2011 WL 3667784, at *4 ("Plaintiff does not point to any objective standard such as market price that he claims Regions should have but failed to use in determining the value of AmSouth's assets.").

[4]     In a supplemental request for judicial notice, plaintiffs noted additional compelling evidence brought to light by the United States Senate Permanent Subcommittee on Investigations. *See, e.g.*, Letter to The Honorable Deborah A. Batts from Andrew J. Brown, dated May 17, 2011 at 3:

> In "late February or early March 2007, as the ABX Index showed subprime RMBS securities losing value and subprime mortgages continued incurring delinquencies at record rates," Mr. Lippmann was asked to address Deutsche Bank's

- 5 -

## 2.    The May 2008 Offering

This Court also held that the May 2008 Offering was actionable for its statements concerning Deutsche Bank's stated market risk, or VaR.  Defendants do not specifically address this holding.  However, there is no reasonable basis for even defendants to contend their false statements concerning VaR were merely "opinions" of defendants.  Certainly, defendants did not represent this calculation to be an opinion.

Plaintiffs allege Deutsche Bank had vastly understated the amount at risk in 2007, reporting a range of $43.5 million and $90.5 million.  This could not be true, as the amount Deutsche Bank actually lost was more than $620 million, or 7 times greater than the high end of the range.  And unless Deutsche Bank lost 100% of its amount at risk, defendants must have had substantially more at risk than even that large sum.  Defendants did not advise shareholders that this range was simply an "estimate" based on "judgment."  It could not reasonably be construed as only an opinion.

---

Executive Committee "to discuss the bank's risk exposure in mortgage related securities" and expressed his belief that the market would continue to decline. Report at 345.  At the conclusion of the meeting, Mr. Lippmann was directed by the Executive Committee to maintain the $4-5 billion short position against the mortgage market.  *Id*.

Since the Senate Report was issued, the federal government and numerous other entities have sued Deutsche Bank alleging similar facts.  *See, e.g.*, *United States v. Deutsche Bank A.G., et al.*, No. 1:11-cv-02976-LAK (S.D.N.Y. May 3, 2011); *Fed. Hous. Fin. Agency v. Deutsche Bank A.G., et al.*, No. 1:11-cv-06192-LAK (S.D.N.Y. Sept. 2, 2011).

650485_1

## III.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully request this Court deny defendants' motion

for rehearing or reargument.

DATED:  September 16, 2011                    Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
ANDREW J. BROWN
ERIC I. NIEHAUS
LUCAS F. OLTS
CHRISTOPHER D. STEWART


                              s/ ANDREW J. BROWN
                            ANDREW J. BROWN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
andrewb@rgrdlaw.com
ericn@rgrdlaw.com
loltz@rgrdlaw.com
cstewart@rgrdlaw.com

- 7 -

650485_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

Lead Counsel for Plaintiffs

MURRAY FRANK LLP
BRIAN P. MURRAY
275 Madison Avenue, Suite 801
New York, NY  10016
Telephone:  212/682-1818
212/682-1892 (fax)
bmurray@murrayfrank.com

Co-Lead Counsel for Plaintiffs

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 16, 2011.

s/ ANDREW J. BROWN
ANDREW J. BROWN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:   andrewb@rgrdlaw.com

650485_1

# Mailing Information for a Case 1:09-cv-01714-DAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Lee Albert**
  lalbert@murrayfrank.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com,nhorstman@rgrdlaw.com,ldeem@rgrdlaw.com

- **Deborah R Gross**
  debbie@bernardmgross.com

- **Eva Hromadkova**
  evah@murrayfrank.com

- **David George Januszewski**
  djanuszewski@cahill.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Matthew Montgomery**
  mattm@csgrr.com

- **Brian Philip Murray**
  bmurray@murrayfrank.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Darren J. Robbins**
  e_file_sd@lerachlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Harry J. Weiss**
450 Fifth Street, N.W.
Mail Stop 4-2
Washington, DC 20549