UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
_____:

IN RE DEUTSCHE BANK AG SECURITIES
LITIGATION,                                            Case No. 09-cv-1714 (DAB) (ECF Case)

This Document Relates to:  All Actions


_____:


## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
## <u>THEIR MOTION FOR RECONSIDERATION OR REARGUMENT</u>


**CAHILL GORDON & REINDEL LLP**
Charles A. Gilman
David G. Januszewski
Christine Bateup
80 Pine Street
New York, New York  10005
(212) 701-3000
(212) 269-5420 (fax)
*Attorneys for the Deutsche Bank Defendants
and the Individual Defendants*

**SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP**
Jay B. Kasner
Scott D. Musoff
Gary J. Hacker
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (fax)
*Attorneys for the Underwriter Defendants*


September 22, 2011

## **TABLE OF AUTHORITIES**

**Cases**

*In re Barclays Bank PLC Securities Litigation*, No. 09-cv-1989, 2011 WL 31548
(S.D.N.Y. Jan. 5, 2011) ....................................................................................... 2-3

*Basis Yield Alpha Fund (Master)* v. *Goldman Sachs Group, Inc.,* No. 10-cv-4537
(S.D.N.Y. May  18, 2011)...................................................................................... 4n

*City of Monroe Employees' Retirement System* v. *Hartford Financial Services Group,*
*Inc.,* No. 10-cv-2835 (S.D.N.Y. Sept. 19, 2011) .................................................. 2, 3

*In re Deutsche Bank AG Securities Litigation,* No. 09-cv-1714, 2009 WL 4277202
(S.D.N.Y. Nov. 23, 2009) ........................................................................................ 1

*Fait* v. *Regions Financial Corp.,* No. 10-cv-2311, 2011 WL 3667784 (2d Cir. Aug. 23,
2011) ................................................................................................................ 1, 3, 4-5

*In re Salomon Smith Analyst Level 3 Litigation,* 373 F. Supp. 2d 248 (S.D.N.Y. 2005) .............. 3

*Simoiu* v. *United States Marshals Service*, No. 00-cv-7133, 2005 WL 646099 (S.D.N.Y Mar. 18,
2005) .........................................................................................................................1

**Statutes**

Securities Act of 1933 § 11, 15 U.S.C. § 77k (2006).................................................1, 3

Securities Act of 1933 § 12, 15 U.S.C. § 77l (2006).................................................1, 3

**Other Authorities**

Susan Beck, *Second Circuit Holds that Goodwill and Loss Reserve Figures Are Opinions Not*
*Subject To A Strict Liability Standard,* Am Law Litigation Daily (Aug. 24, 2011).....................1n

Defendants respectfully submit this short Reply in further support of their request that the Court reconsider its August 19, 2011 Memorandum & Order in light of the subsequent decision of the Second Circuit Court of Appeals in *Fait* v. *Regions Financial Corp.*, No. 10-cv-2311, 2011 WL 3667784 (2d Cir. Aug. 23, 2011).

As an initial matter, Plaintiffs' assertion that reconsideration is "not available" (Plaintiffs' Opposition Brief at 3) is wholly without merit.  Although Defendants recognize that a motion for reconsideration is not the norm, it certainly is "available," particularly where, as here, there has been an intervening appellate decision.  *See*, *e.g.*, *Simoiu v. United States Marshals Service*, No. 00-cv-7133, 2005 WL 646099, at *2-*3 (S.D.N.Y. Mar. 18,  2005) (Batts, J.).  Indeed, this Court is well familiar with the governing standards for reconsideration motions and granted a motion for reconsideration made earlier in this action by Plaintiffs themselves.  *See In re Deutsche Bank AG Securities Litigation*, No. 09-cv-1714, 2009 WL 4277202 (S.D.N.Y. Nov. 23, 2009).

The Court of Appeals decision in *Fait*, rendered four days after this Court's August 19 Memorandum & Order, is in fact an important intervening appellate decision that is controlling on issues presented to this Court.  In that decision, the Court of Appeals addressed, for the first time, the specific question of whether valuation decisions such as those at issue here are matters of judgment and opinion, rather than fact.[1]  Nevertheless, in its August 19 Memorandum & Order, the Court did not address the issue now resolved in *Fait* — namely, where plaintiff sues under Sections 11 and 12 of the Securities Act of 1933 alleging the falsity of valuations, in

---

[1]     The Court of Appeals decision in *Fait* has already been the subject of commentary.  *See* Susan Beck, *Second Circuit Holds That Goodwill And Loss Reserve Figures Are Opinions Not Subject To A Strict Liability Standard,* Am Law Litigation Daily (Aug. 24, 2011) (copy attached).

order to state a claim upon which relief can be granted, plaintiff must allege that defendants did not believe the valuation opinions at the time they were made.  In other words, as the Court of Appeals held in *Fait*, "plaintiff must allege that defendant's opinions were both false and not honestly believed when they were made."  Slip Op. at 15.  *See also City of Monroe Employees' Retirement System* v. *Hartford Financial Services Group, Inc.*, No. 10-cv-2835, 2011 WL 4357368, at *13 (S.D.N.Y. Sept. 19, 2011) (Buchwald, J.) (citing the Court of Appeals decision in *Fait* for the proposition that valuations of assets are matters of opinion, in connection with which plaintiffs must allege that "defendants did not sincerely believe the opinion they purported to hold, by alleging provable facts to demonstrate that the statement of opinion is both objectively and subjectively false") (citation and internal quotation marks omitted).

   Plaintiffs point out that, in its August 19 Memorandum & Order, the Court cited to market indices (the ABX and TABX) and "market conditions" — *see* Plaintiffs' Opposition Brief at 5 — to support the conclusion, in Plaintiffs' words, that the valuation disclosures were "false and misleading."  *Id.*  In light of *Fait*, however, that is not sufficient.  In *Fait*, the Court of Appeals emphasized that reliance "on allegations about adverse market conditions to support the contention that defendants should have reached different conclusions . . . . does not, however, plausibly allege that defendants did not believe the statements . . . at the time they made them."  Slip Op. at 12-13.  Indeed, the valuation of complex mortgage-related securities is not a simple matter of looking up prices in the *Wall Street Journal* or applying some market index.  It is a matter of subjective judgment, and the expressed valuations are statements of opinion.  *See In re Barclays Bank PLC Securities Litigation*, No. 09-cv-1989, 2011 WL 31548, at *8 (S.D.N.Y. Jan. 5, 2011) (the value of mortgage-related assets, which "were not traded on the New York Stock Exchange or some other efficient market," is a matter of judgment and opinion) (citation and in-

ternal quotation marks omitted); *Hartford*, 2011 WL 4357368, at *13-*14 (valuations of asset-backed securities, including mortgage-backed securities, are matters of opinion).

Moreover, Plaintiffs allege that Deutsche Bank "improperly valued [mortgage-related] assets using internally generated valuation models that relied on variables and highly subjective forward-looking estimates supplied by DB's own management." Consolidated Amended Complaint ¶ 94. But the results of subjective valuation modeling such as that done by Deutsche Bank to calculate and disclose VaR are — like the valuation of goodwill and estimation of loan loss reserves at issue in *Fait* — to be treated as matters of subjective opinion, not fact. *See In re Salomon Smith Analyst Level 3 Litigation*, 373 F. Supp. 2d 248, 251-52 (S.D.N.Y. 2005) (Lynch, J.) ("financial valuation models depend so heavily on the discretionary choices of the modeler . . . their predictions can only fairly be characterized as subjective opinions").[2]

Thus, in *Fait* the Court of Appeals for the first time held that, for valuation opinions, liability attaches under Sections 11 and 12 only where plaintiffs "allege that defendant's opinions were both false and not honestly believed when they were made." Slip Op. at 15. Here, Plaintiffs do not. *See* Consolidated Amended Complaint ¶ 1 ("The claims asserted herein exclusively rely upon theories of strict liability and negligence. They do not sound in or arise from

---

[2]     With respect to their value-at-risk (VaR) claims, Plaintiffs assert that "Defendants did not advise shareholders that this [VaR] range [reported in Deutsche Bank's 2007 20-F] was simply an 'estimate' based on 'judgment,'" and that for this reason, "[i]t could not reasonably be construed as only an opinion." (Plaintiffs' Opposition Brief at 6). Plaintiffs are incorrect. Deutsche Bank specifically cautioned, for example, that the Bank's VaR model could "underestimate potential losses" because "[w]hile our risk managers have used their best judgment to define worst case scenarios based upon the knowledge of past extreme market moves, it is possible for our market risk positions to lose more value than even our economic capital estimates." (2007 20-F, Ex. C to the Declaration of Christine Bateup dated Mar. 26, 2010, at 151). *See also, e.g., id.* ("Our value-at-risk analyses should . . . be viewed in the context of the limitations of the methodology we use and are therefore not maximum amounts that we can lose on our market risk positions" and that certain assumptions used in the VaR model *"may lead to an underestimation* of the probability of extreme market movements.") (emphasis added).

allegations of fraud.").[3]   As such, *Fait* compels the dismissal of Plaintiffs' Consolidated Amended Complaint.  *See* Slip Op. at 15. [4]

Plaintiffs' assertion that *Fait* does not compel dismissal of the remaining claims in this case is also unavailing.  Plaintiffs' argument that *Fait* "says nothing about a duty to disclose certain information" (Plaintiffs' Opposition Brief at 4) misses the point.  The application of accounting principles, including Defendants' decision that it was unnecessary to "disaggregate" its mortgage-related exposure as "risky," are matters of judgment and opinion, not fact.  Because Plaintiffs do not plead any facts showing that Defendants believed that disaggregated disclosures were necessary and failed to provide them, *Fait* compels dismissal of these claims.

## CONCLUSION

Defendants respectfully submit that the Court should reconsider its August 19, 2011 Memorandum & Order in light of the subsequent decision of the Court of Appeals in *Fait*

---

[3]   On September 19, 2011, Plaintiffs filed a Second Consolidated Amended Complaint.  Significantly, the Second Consolidated Amended Complaint, like the Consolidated Amended Complaint, is bereft of any allegations of knowledge on the part of Defendants and, once again, states that Plaintiffs' claims "rely upon theories of strict liability and negligence" and "do not sound in or arise from allegations of fraud."  (Second Consolidated Amended Complaint ¶ 1).

[4]   Plaintiffs refer to an April 13, 2011 Report by the United States Senate Permanent Subcommittee on Investigations.  Plaintiffs do not offer any basis for the Court to take judicial notice of the Report.  *See, e.g., Basis Yield Alpha Fund (Master)* v. *Goldman Sachs Group, Inc.*, No. 10-cv-4537 (S.D.N.Y. May 18, 2011) (Jones, J.) (declining to take judicial notice of same Report).  In any event, the Report supports Defendants' motions to dismiss.  Plaintiffs point to the Report's discussion of the documents and testimony of Deutsche Bank trader Greg Lipmann.  Plaintiffs, however, misinterpret what the Reports says.  The Report demonstrates that Mr. Lipmann may well have believed that the housing market was poised to experience a downturn.  But the Report also shows that more senior management at Deutsche Bank did not agree with Mr. Lipmann's assessment.  *See* Report at 330, 341-45.  Any claim that the Report shows that Deutsche Bank did not believe the valuations at issue in this case is conclusively rebutted by the very document upon which Plaintiffs seek to rely.

v. *Regions Financial Corp.*, No. 10-cv-2311, 2011 WL 3667784 (2d Cir. Aug. 23, 2011), and

that, upon reconsideration, the motions to dismiss should be granted.

Dated:          September 22, 2011                    Respectfully submitted,

                                                      CAHILL GORDON & REINDEL LLP

                                                      By: /s/ David G. Januszewski_____
                                                          Charles A. Gilman
                                                          (cgilman@cahill.com)
                                                          David G. Januszewski
                                                          (djanuszewski@cahill.com)
                                                          Christine Bateup
                                                          (cbateup@cahill.com)
                                                      80 Pine Street
                                                      New York, New York  10005
                                                      (212) 701-3000

                                                      *Attorneys for the Deutsche Bank Defendants and*
                                                          *the Individual Defendants*

                                                      and

                                                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                                      By: /s/ Jay B. Kasner_____
                                                          Jay B. Kasner
                                                          (jay.kasner@skadden.com)
                                                          Scott D. Musoff
                                                          (scott.musoff@skadden.com)
                                                          Gary J. Hacker
                                                          (gary.hacker@skadden.com)
                                                      Four Times Square
                                                      New York, New York 10036
                                                      (212) 735-3000

                                                      *Attorneys for the Underwriter Defendants*

# EXHIBIT

# AMERICAN LAWYER.COM

Select '**Print**' in your browser menu to print this document.

**Copyright 2011. ALM Media Properties, LLC. All rights reserved. The American Lawyer**
Page printed from: http://www.americanlawyer.com

Back to Article

## Second Circuit Holds that Goodwill and Loss Reserve Figures Are Opinions Not Subject To A Strict Liability Standard

Susan Beck
2011-08-24 12:00:00 AM
A company's valuations of its goodwill and loss reserves are opinions that are not subject to a strict liability standard under securities laws, the Second Circuit U.S. Court of Appeals has expressly ruled for the first time.

Tuesday's ruling came in a purported class action brought by investors in preferred securities issued by Regions Financial Corporation who tried to hold the company liable for allegedly overstating goodwill and failing to increase loan loss reserves enough before the 2008 financial crisis.

The appellate court unanimously held in this 15-page ruling that Regions' statements in offering documents about its goodwill and loss reserves were opinions that do not give rise to a claim under the '33 Act unless the plaintiffs can show that the bank didn't believe these statements were true. The opinion, written by Judge Barrington Parker, upholds a ruling last year by Manhattan federal district court judge Lewis Kaplan, who also dismissed claims against the underwriters of the securities and Ernst & Young.

The plaintiffs sued after Regions reported a $5.6 billion net loss in the fourth quarter of 2008, and doubled its loan loss provision to $1.15 billion. The loss was largely due to a $6 billion charge for impairment of goodwill. The plaintiffs argued that Judge Kaplan erred by requiring that they plead that the defendants acted in bad faith, since Sections 11 and 12 of the Securities Act of 1933 impose strict liability for false and misleading statements.

The Second Circuit agreed with Judge Kaplan that the company's estimates of goodwill and loss reserves were beliefs or opinions, and not statements of fact. As a result, the plaintiff must show that the the defendants didn't believe these estimates were true when they were made.

"This is the first time the Second Circuit has squarely addressed this precise issue of whether valuations of goodwill and estimates of loan loss reserves are opinions or predictions about the future," said David Tulchin of Sullivan & Cromwell, who represents Regions Financial. "The idea that regions should have been able to predict calamitous events in the financial world was rejected."

Scott Edelman of Milbank, Tweed, Hadley & McCloy, who represented the underwriter defendants along with his partner Douglas Henkin, commented about the ruling: "I think it emphasizes that the Second Circuit is not going to allow investors to go against banks based on the fact that results turned out to be different from what they expected, unless there is a finding of fraud." He added, "There are a whole bunch of cases brought like this, and they raise similar allegations."

Ernst & Young, which was also sued in this case, was represented by Kenneth Geller of Mayer Brown.

The plaintiffs' appellate brief is here, Regions' brief is here, the underwriters' brief is here, and E&Y's brief is here.

Kevin LaCroix at the D&O Diary points out that related complaints against Regions involving many of the same facts have survived dismissal motions. In June, for example, Northern District of Alabama Judge Inge Prytz Johnson denied motions to dismiss in a class action filed on behalf of Regions Financial's shareholders. There, LaCroix notes, Judge Johnson concluded that the plaintiffs had pled facts showing that the defendants had information that did not support their opinions, including testimony by confidential witnesses.

We reached out to plaintiffs counsel at Robbins Geller Rudman & Dowd but did not hear back.