```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
In re DEUTSCHE BANK AG          :
SECURITIES LITIGATION           :
--------------------------------X    09 Civ. 1714 (DAB)
                                :
This Document Relates To:       :    MEMORANDUM & ORDER
                                :
ALL ACTIONS                     :
                                :
--------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On August 19, 2011, this Court granted in part and denied in part Defendants' Motions to Dismiss Plaintiffs' Consolidated Amended Complaint ("CAC") in this matter. See In re Deutsche Bank Sec. Litig., No. 09 Civ. 1714 (DAB), 2011 WL 3664407, at *12 (S.D.N.Y. Aug. 19, 2011). Four days later, on August 23, 2011, the Second Circuit issued an opinion in Fait v. Regions Financial Corp., 655 F.3d 105 (2d Cir. 2011), affirming that estimates of goodwill and loan loss reserves were not "facts," but rather "opinions." Fait, 655 F.3d at 110, 113. Accordingly, to state a claim under the Securities Act, plaintiffs must allege not only that the statements were false, but that the defendants' opinions were not honestly believed when made. See id. Arguing that Fait is an intervening change in the governing law, Defendants here move to reconsider this Court's August 19, 2011 decision. For the reasons set forth herein, the Motion to Reconsider is GRANTED. On reconsideration, the Motion to Dismiss is GRANTED and the Complaint is DISMISSED.

A.  Legal Standard for a Motion to Reconsider

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSC Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (holding that a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."). Reconsideration is also appropriate when there has been a change in controlling law. King County, WA v. IKB Deutche Industriebank AG, __ F. Supp. 2d __, 2012 WL 2160285, at *1 (S.D.N.Y. June 7, 2012). In addition, "The standards governing a motion to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." Word v. Croce, No. 00 Civ. 6496, 2001 WL 755394, at * 2 (S.D.N.Y. July 5, 2001).

Furthermore, a motion for reconsideration is not one in which a party may reargue "those issues already considered when a

2

party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Thus Local Rule 6.3 should be "narrowly construed and strictly applied" to avoid repetitive arguments already submitted to the Court. National Congress for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (citation omitted). Moreover, the parties "may not address facts, issues or arguments not previously presented to the Court," U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (citations omitted), because a motion to reconsider should never act "as a substitute for appealing from a final judgment." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 170 F.R.D. 111, 113 (S.D.N.Y. 1997) (citation omitted).

B. The Fait Decision

The Second Circuit's decision in Fait, along with its recent reiteration of that decision in City of Omaha, NE Civilian Emps. Ret. Sys. v. CBS Corp., 679 F.3d 64 (2d Cir. 2012), constitutes a change in intervening law warranting reconsideration of this Court's August 19, 2011 Order. In Fait, and later in City of Omaha, the Second Circuit, for the first time, held that valuation decisions such as goodwill and statements of loan loss reserves are "opinions" rather than facts, and will not give rise to liability unless a plaintiff can "plausibly allege that

defendants did not believe the statements . . . at the time they made them." Fait, 655 F.3d at 112. As the Second Circuit made clear in City of Omaha, even statements that Defendants <u>should have known</u> that their valuation decisions were false or misleading will not state a plausible claim for relief under the Securities Act. After Fait, Plaintiffs must allege that Defendants did not believe their valuation statements at the time they made them. City of Omaha, 679 F.3d at 68. It is clear that this was a change in intervening law. See, In re General Elec. Co. Sec. Litig., __ F. Supp. 2d __, 2012 WL 1371016, at *5 (S.D.N.Y. Apr. 18, 2012) (granting reconsideration to consider the impact of Fait on a prior decision).

C. This Court's Order

The August 19, 2011 Order denied Defendants' Motion to Dismiss on Plaintiffs' claims under Sections 11 and 15 of the Securities Act regarding: (1) 2007 and February 2008 Offerings where the Company's internal valuations of subprime and mortgage-backed assets were inconsistent with market indices, where a more accurate valuation may have required the Company to disclose those holdings; and (2) the May 2008 Offering where the Company relied on faulty Value-at-Risk ("VAR") metrics, resulting in trading losses almost 700% above stated VaR limits.

In both instances, Plaintiffs alleged that Defendants'

4

internal valuation systems were faulty. For valuation of subprime and mortgage-backed assets, Plaintiffs alleged that Defendants "should have known" that the ABX Index "should have been used in valuing RMBS and CDOs." (CAC ¶ 96.) Regarding VaR, Plaintiffs alleged that the Company's metrics were "false" and that "they failed to reflect the actual risk" associated with the Company's equities trading. (Id. ¶ 149.) These allegations suggest that Defendants were wrong, and perhaps egregiously so, in their internal valuation metrics. It is clear after Fait, however, that such valuations are matter of opinion rather than fact. Accordingly, Plaintiffs must allege that Defendants did not honestly believe those valuations when made. The Complaint in this matter contains no such allegations.

Plaintiffs concede that the claims in the Complaint "exclusively rely on theories of strict liability and negligence." (CAC ¶ 1.) Plaintiffs therefore specifically aver that none of their claims are based on knowing misconduct by the Defendants. This alone is fatal to Plaintiffs' claims after Fait. See In re General Elec. Sec. Litig., 2012 WL 1371016, at *9 (finding statement that allegations are not based on "knowing misconduct" equivalent to a concession that statements of opinion were not disbelieved when made).

D.  Leave to Replead

When a complaint has been dismissed, permission to amend it "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a court may dismiss without leave to replead when amendment would be "futile," or would not survived a motion to dismiss. <u>Oneida Indian Nation of New York v. City of Sherrill</u>, 337 F.3d 139, 168 (2d Cir. 2003) (internal citations omitted), rev'd on other grounds sub nom. <u>City of Sherrill v. Oneida Indian Nation of New York</u>, 544 U.S. 197 (2005). Here, as Plaintiffs specifically state that none of their allegations are based on knowing misconduct, and the challenged statements amount to opinions which cannot form the basis of claims under the Securities Act unless Defendants subjectively disbelieved those opinions, amendment would be futile.

Accordingly, Defendants' Motion for Reconsideration is GRANTED. On reconsideration, Plaintiffs' remaining claims are DISMISSED, with prejudice and without leave to replead.

The Clerk of Court is directed to CLOSE the docket in this case.

SO ORDERED.

Dated:    New York, New York
          August 9, 2012

                                    _____
                                    DEBORAH A. BATTS
                                    United States District Judge