UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
_____

IN RE DEUTSCHE BANK AG SECURITIES
LITIGATION,

This Document Relates to:  All Actions
_____

:
:
:
:
:
:
:

Case No. 09-cv-1714 (DAB) (ECF Case)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

CAHILL GORDON & REINDEL LLP
Charles A. Gilman
David G. Januszewski
Brian P. Barrett
80 Pine Street
New York, New York  10005
(212) 701-3000
(212) 269-5420 (fax)
*Attorneys for the Deutsche Bank Defendants
and the Individual Defendants*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay B. Kasner
Scott D. Musoff
Gary J. Hacker
Four Times Square
New York, New York  10036
(212) 735-3000
(212) 735-2000 (fax)
*Attorneys for the Underwriter Defendants*

October 1, 2012

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................ii

ARGUMENT ....................................................................................................................... 2

    I.      PLAINTIFFS' MOTION IS UNTIMELY ...............................................................2

    II.     PLAINTIFFS PRESENT NO BASIS FOR RECONSIDERATION ........................3

          A.    There Has Been No Intervening Change of Controlling Law Since the Court Issued Its Memorandum and Order ......................................................3

          B.    Plaintiffs Have Failed to Identify Any Newly Discovered Evidence ...............5

    III.    PLAINTIFFS' REQUEST FOR LEAVE TO AMEND IS GAMESMANSHIP .................................................................................................7

CONCLUSION.................................................................................................................... 9

# TABLE OF AUTHORITIES

## **CASES**

*Bellikoff* v. *Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007) ....................................................... 8

*Campbell* v. *Cantor Fitzgerald & Co.,* 205 F.3d 1321 (Table), 1999 WL 1424999  (2d Cir. 1999)........................................................................................................................... 5–6

*Enmon* v. *Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012)................................................. 5, 8

*Fait* v. *Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011) .......................................... 3–4, 7–9

*In re General Electric Co. Securities Litigation*, 2012 WL 2892376 (S.D.N.Y. July 12, 2012)........................................................................................................................................ 8–9

*In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645 (S.D.N.Y. 2012)............... 9

*Jones* v. *Carolina Freight Carriers Corp.*, 152 F.3d 918 (Table), 1998 WL 386180 (2d Cir. 1998)............................................................................................................................. 6

*Lazzarino* v. *Kenton Assocs.*, 1999 WL 377859 (S.D.N.Y. June 9, 1999) ..................................... 4

*Lightfoot* v. *Union Carbide Corp.*, 110 F.3d 898 (2d Cir. 1997)................................................. 5–6

*Litwin* v. *Blackstone Group, L.P.*, 634 F.3d 706 (2d Cir. 2011)................................................. 4–5

*Long* v. *U.S. Department of Justice*, 778 F. Supp. 2d 222 (N.D.N.Y. 2011) ................................. 4

*In re Merrill Lynch & Co.,* 273 F. Supp. 2d 351 (S.D.N.Y. 2003), *aff'd in part and rev'd in part on other grounds sub nom. Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005)........................................................................................................................ 8–9

*Panther Partners Inc.* v. *Ikanos Communications Inc.*, 681 F.3d 114 (2d Cir. 2012)............... 4–5

*In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation,* 2008 WL 4962985 (S.D.N.Y. Nov. 20, 2008), *aff'd sub nom. Capital Management Select Fund Ltd.* v. *Bennett*, 650 F.3d 214 (2d Cir. 2012) .............................................................................. 3

*Rullan* v. *New York City Department of Sanitation*, 2012 WL 76926 (S.D.N.Y. Jan. 10, 2012) ................................................................................................................ 2n

*Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136 (2d Cir. 1998) ............................................. 3n

*Strini* v. *Edwards Lifesciences Corp.*, 2008 WL 820192 (N.D.N.Y. Mar. 26, 2008).................... 4

*United States* v. *Deutsche Bank AG and MortgageIT, Inc.*, No. 11 Civ. 2976 (LAK).............. 6–7

*Vine* v. *Beneficial Finance Co.*, 374 F.2d 627 (2d Cir. 1967) .................................................. 8–9

## <u>RULES</u>

Fed. R. Civ. P.

9(b) .................................................................................................................................... 7

15.................................................................................................................................... 8n

59.................................................................................................................................... 3n

59(e) ................................................................................................................................ 2

60(b)................................................................................................................................ 2

S.D.N.Y. Loc. R.

6.3................................................................................................................................... 1–3

7.1(a)(1) ...................................................................................................................... 2, 8n

The Deutsche Bank Defendants, the Individual Defendants, and the Underwriter Defendants respectfully submit this memorandum in opposition to Plaintiffs' September 13, 2012 Motion for Reconsideration of the Court's August 10, 2012 Memorandum and Order.  In the Memorandum and Order, the Court, based on a Second Circuit decision handed down after this Court's initial decision on the motion to dismiss, granted Defendants' Motion for Reconsideration of the Court's August 19, 2011 Memorandum and Order and dismissed Plaintiffs' Consolidated Amended Complaint with prejudice.  Final judgment was entered on August 17, 2012.

Plaintiffs' motion for reconsideration was filed 34 days after this Court's August 10 Memorandum and Order and 27 days after entry of final judgment.  The motion is thus untimely under Local Rule 6.3, which requires motions for reconsideration to be filed within 14 days.  The motion should be denied for this reason alone.

Plaintiffs' argument that reconsideration of the Court's August 10 Memorandum and Order is justified by an "intervening change of controlling law" or the "availability of newly discovered evidence" is fundamentally flawed.  A motion for reconsideration can only be justified where such developments have occurred *after* the decision at issue.  Here, all the matters cited by Plaintiffs were known to them before the Court's ruling and, indeed, were brought to the Court's attention by Plaintiffs before the Court issued its August 10 Memorandum and Order.  Reconsideration is unwarranted.

Finally, to the extent Plaintiffs' motion for reconsideration is really a motion for leave to file yet another amended complaint, it should be rejected as the gamesmanship that it is.

**ARGUMENT**

**I.   PLAINTIFFS' MOTION IS UNTIMELY**

In this Court, the operative document for making a motion is the Notice of Motion.  Local Rule 7.1(a)(1) requires "[a] notice of motion . . . which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion."  Here, Plaintiffs' Notice of Motion specifies that the motion now before the Court is brought solely pursuant to Local Rule 6.3 for reconsideration of this Court's August 10, 2012 Memorandum and Order.  The Notice of Motion specifies no other "applicable rules or statutes pursuant to which the motion is brought."  Local Rule 7.1(a)(1).

The Rule invoked by Plaintiffs, Rule 6.3, requires that:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

Plaintiffs' motion was filed 34 days after issuance of the Court's Memorandum and Order and 27 days after entry of final judgment.  The motion is therefore untimely and should be denied.[1]

Plaintiffs' invocation, *in their Memorandum of Law only*, of Federal Rules of Civil Procedure 59(e) and 60(b) cannot make their reconsideration motion timely.  Rule 59(e) is a mechanism to "alter or amend a judgment," and Rule 60(b) relates to relief "from a final judgment, order, or proceeding" under certain specified circumstances.  What Plaintiffs seek here is

---

[1]     "When a plaintiff's motion for reconsideration is untimely, it must be denied, and the merits of plaintiff's motion need not be addressed."  *Rullan* v. *New York City Department of Sanitation*, 2012 WL 76926, at *2 n.1 (S.D.N.Y. Jan. 10, 2012) (Patterson, J.) (citation omitted).

-2-

neither of those.[2]  As they state in their Notice of Motion, Plaintiffs are seeking reconsideration

of this Court's August 10 Memorandum and Order.  If the 14-day period required by Rule 6.3 —

including its specific application to "a court order resulting in a judgment" — could be so easily

circumvented, the Rule would be left devoid of any meaning or effect.[3]

## II.   PLAINTIFFS PRESENT NO BASIS FOR RECONSIDERATION

Reconsideration "is appropriate only where there is an intervening change of con-

trolling law, newly available evidence, or the need to correct a clear error or prevent manifest

injustice."  *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, 2008

WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (Lynch, J.), *aff'd sub nom. Capital Management

Select Fund Ltd.* v. *Bennett*, 680 F.3d 214 (2d Cir. 2012) (citation and quotation marks omitted).

"A motion for reconsideration is not an opportunity for a losing party to advance new arguments

to supplant those that failed in the prior briefing of the issue."  *Id.*

### A.   There Has Been No Intervening Change of Controlling Law Since the Court Issued Its Memorandum and Order

Plaintiffs fail to identify any change in the controlling law arising since the

Court's August 10, 2012 decision.  Plaintiffs argue that the decision of the Court of Appeals in

*Fait* v. *Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011), constitutes an intervening change

---

[2]      Significantly, Plaintiffs' Memorandum of Law is styled as a "Motion for Reconsideration of this Court's Memorandum and Order dated August 10, 2012."  (Pls. Mem. at 1.)

[3]      Plaintiffs' newly-espoused view of the purpose of Rule 59 is both unsupported and wholly contrary to their prior statements to this Court.  Although Defendants did not rely on Rule 59 in their motion for reconsideration, Plaintiffs' opposition to that motion argued that "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  (Plaintiffs' 9/16/11 Opposition to Defendants' Motion for Reconsideration or Reargument at 1 n.1 (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)))  Yet that is precisely what Plaintiffs are attempting to do here.

of controlling law because it arose "after the filing of the Plaintiffs' Consolidated Amended Complaint for Violation of the Federal Securities Laws ('CAC') . . . ." (Pls. Mem. at 1).  This argument, however, is a red herring.  Whether or not a new decision constitutes an "intervening change in controlling law" depends upon whether the "intervening change" occurred *after* the decision with respect to which the moving party seeks reconsideration, and has nothing to do with when the underlying pleadings were filed.  *See, e.g.*, *Lazzarino* v. *Kenton Assocs.*, 1999 WL 377859, at *2 (S.D.N.Y. June 9, 1999) (Owen, J.) (The opinion at issue "may have been decided after the second amended complaint was dismissed, but it was decided well before the [opinion for which plaintiff seeks reconsideration], and therefore does not constitute 'an intervening change in controlling law.'") (citation omitted); *Strini* v. *Edwards Lifesciences Corp.*, 2008 WL 820192, at *2 (N.D.N.Y. Mar. 26, 2008) (opinions decided after the complaint was filed but that were "known at the time of the Order [for which reconsideration is sought]. . . do not constitute an intervening change in prevailing law"); *see also Long* v. *U.S. Department of Justice*, 778 F. Supp. 2d 222, 229 (N.D.N.Y. 2011) (Second Circuit opinion was decided "before the Court issued its Memorandum Decision and Order and plaintiffs cited the decision in their motion papers.  Thus, [the Second Circuit opinion] does not provide a basis for reconsideration").  Because *Fait* was decided before the Court's August 10, 2012 Memorandum and Order — and because the Court's August 10, 2012 Memorandum and Order was based on it — *Fait* is not an "intervening change" of controlling law that would support a motion for reconsideration.

Plaintiffs' reliance on *Litwin* v. *Blackstone Group, L.P.*, 634 F.3d 706 (2d Cir. 2012), and *Panther Partners Inc.* v. *Ikanos Communications Inc.*, 681 F.3d 114 (2d Cir. 2011), is similarly misplaced.  Both of those decisions were issued long before the Court's August 10, 2012 Memorandum and Order.  Indeed, *Litwin* was decided before the Court's initial ruling on

-4-

Defendants' motions to dismiss, was brought to the Court's attention in a May 17, 2011 letter from Plaintiffs (*see* October 1, 2012 Declaration of David G. Januszewski ("Januszewski Decl.") Ex. A), and was cited by the Court in its August 19, 2011 ruling.  With respect to *Panther Partners*, Plaintiffs likewise wrote a letter to the Court bringing that decision to the Court's attention on June 4, 2012, while Defendants' motion for reconsideration was pending.  (*See* Januszewski Decl. Ex. H).  Thus, the Court was well aware of both decisions when it issued its August 10, 2012 Memorandum and Order.

### B.   Plaintiffs Have Failed to Identify Any Newly Discovered Evidence

All of the supposedly "new" evidence cited by Plaintiffs in support of their motion for reconsideration was available *before* the Court issued the August 10, 2012 Memorandum and Order, and thus is an inappropriate basis for a motion for reconsideration.  The matters now cited by Plaintiffs were known to them even before they filed their Second Consolidated Amended Complaint in this case.

Plaintiffs argue that the contents of two government reports and a settled Department of Justice lawsuit constitute "newly discovered evidence made available after the filing of the CAC," thus warranting reconsideration.  (Pls. Mem. at 1).  But the relevant date for reconsideration purposes is August 10, 2012, the date the Court issued its ruling on Defendants' Motion for Reconsideration.  *See, e.g.*, *Enmon* v. *Prospect Capital Corp.*, 675 F.3d 138, 146 (2d Cir. 2012) (upholding sanctions against a law firm for bringing a "bad faith" 60(b) motion where law firm, *inter alia*, "falsely stated that" certain "evidence . . . was 'new' or 'newly discovered,' even though the record demonstrates that [the law firm] had known about the evidence for more than a year"); *Campbell* v. *Cantor Fitzgerald & Co.*, 205 F.3d 1321 (Table), 1999 WL 1424999, at *1 (2d Cir. 1999) ("Even if [the plaintiff] had submitted the transcripts to the court along with her

Rule 59 motion, the district court would have properly disregarded the evidence because it was previously available . . . and therefore was not newly discovered evidence that might have justified reconsideration of the court's decision.") (quoting *Lightfoot* v. *Union Carbide Corp.*, 110 F.3d 989, 909 (2d Cir. 1997) (internal quotation marks omitted)); *Jones* v. *Carolina Freight Carriers Corp.*, 152 F.3d 918 (Table), 1998 WL 386180, at *1 (2d Cir. 1998) ("A motion for reconsideration is not properly used as a vehicle for the introduction of new evidence that could have been presented to the court prior to the decision of which reconsideration is sought.").

Plaintiffs first cite an April 13, 2011 report by the Senate Permanent Subcommittee on Investigations entitled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" (the "PSI Report"). The PSI Report was available more than a year before the Court's ruling. Indeed, Plaintiffs wrote letters to the Court on May 17, 2011, February 21, 2012, March 22, 2012, and May 15, 2012, discussing the PSI Report. (*See* Januszewski Decl. Ex. A, C, E, F). They also discussed it in their September 16, 2011 opposition to Defendants' Motion for Reconsideration or Reargument. (Pls. Opp. Br. at 5-6 n.4).

Next, Plaintiffs cite a report issued by the Financial Crisis Inquiry Commission (the "FCIC Report"). Plaintiffs acknowledge that the FCIC Report was released in September 2010 (Pls. Mem. at 10), nearly two years before this Court's ruling. Further, Plaintiffs brought it to the Court's attention in their March 22, 2012 letter. (*See* Januszewski Decl. Ex. E).

Lastly, Plaintiffs cite a settlement between Deutsche Bank and the Department of Justice ("DOJ") relating to representations made by MortgageIT Holdings, Inc. ("MortgageIT"), a company acquired by Deutsche Bank, to the Federal Housing Agency. (*See* Pls. Mem. at 2–3). The settlement was announced in May 2012, before the Court's ruling. The Plaintiffs brought it to the Court's attention in a May 15, 2012 letter. (*See* Januszewski Decl. Ex. F). The settlement

related to allegations made by the DOJ in a civil action filed in this Court a year earlier, on May 3, 2011. *United States* v. *Deutsche Bank AG and MortgageIT, Inc.*, No. 11 Civ. 2976 (LAK). Plaintiffs, moreover, referred to the action in their September 16, 2011 opposition to Defendants' Motion for Reconsideration. (Pls. Opp. Br. at 6 n.4).

The PSI Report, the FCIC Report and the DOJ's allegations concerning MortgageIT were all known to Plaintiffs before this Court's ruling. Indeed, they were known to Plaintiffs before they filed their September 19, 2011 Second Consolidated Amended Complaint. Plaintiffs present nothing that even remotely qualifies as "newly discovered evidence."[4]

## III.   PLAINTIFFS' REQUEST FOR LEAVE TO AMEND IS GAMESMANSHIP

For over two and half years, and in an effort to evade the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act, Plaintiffs have represented to this Court that their claims are not premised on any allegations of fraudulent intent. (*See* Consolidated Amended Complaint ¶ 1 ("The claims asserted herein exclusively rely upon theories of strict liability and negligence. They do not sound in or arise from allegations of fraud."); Second Consolidated Amended Complaint ¶ 1 (same)).

Plaintiffs have had ample opportunity to account for *Fait* and the evidence contained in the PSI Report, FCIC Report and the MortgageIT Settlement. Nevertheless, Plaintiffs

---

[4]     In addition to not being "newly discovered," the materials cited by Plaintiffs do not support their claims in any event. As demonstrated in detail in Defendants' May 23, 2011 and February 22, 2012 letters to the Court, the PSI Report in fact demonstrates the opposite of what Plaintiffs claim. (Januszewski Decl. Ex. B, D). The Report repeatedly states that Deutsche Bank senior management did *not* believe that the mortgage-backed assets market was poised for a downturn. Moreover, as demonstrated in Defendants' May 18, 2012 letter to the Court, Plaintiffs mischaracterize the terms of Deutsche Bank's DOJ settlement. (Januszewski Decl. Ex. G). The plain language of the MortgageIt Settlement agreement shows that Deutsche Bank did *not* admit knowledge of the misconduct that Plaintiffs claim.

argued that *Fait* is irrelevant, did not constitute a change of controlling law, and that they did not need to plead subjective disbelief. Now that the Court has rejected Plaintiffs' position, Plaintiffs seek to supplant their case with an entirely new legal theory. That is not a motion for reconsideration. That is an impermissible request for a "do-over."[5]

Courts have repeatedly rejected such maneuvers, even finding such attempts to be "indicative of bad faith." *See In re General Electric Co. Securities Litigation*, 2012 WL 2892376, at *5 (S.D.N.Y. July 12, 2012) (Cote, J.) (denying leave to amend and finding bad faith where plaintiffs expressly disclaimed allegations of knowledge and intent and waited until adverse judgment before substantially altering legal theory); *see also Enmon*, 675 F.3d at 146 (finding "bad faith" and upholding sanctions against law firm where law firm, *inter alia*, falsely stated that certain evidence was "new" or "newly discovered" when such evidence was known to the law firm for more than a year); *Bellikoff* v. *Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (plaintiffs are "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies") (citation and internal quotation marks omitted); *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003) ("it [is] 'certainly within the district court's discretion' to deny plaintiff leave to file a second amended complaint, where 'one basis for denial of leave to amend was the bad faith of appellant in waiting to see how he would fare on the prior motion to dismiss'") (quoting *Vine* v.

---

[5]   Moreover, Plaintiffs' Notice of Motion does not seek leave to amend or make any mention of Rule 15. As such, Plaintiffs' request for leave to amend is procedurally deficient and should be denied for this reason alone. *See* Local Rule 7.1(a)(1) ("A notice of motion . . . shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion.").

*Beneficial Finance Co.*, 374 F.2d 627, 637 (2d Cir. 1967)), *aff'd in part and rev'd in part on other grounds sub nom. Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005).

Judge Cote's decision in *General Electric* is particularly instructive here.  In *General Electric*, as here, plaintiff sought leave to amend after the district court, based on *Fait*, granted defendants' motion for reconsideration and dismissed plaintiff's claims under §§ 11, 12(a)(2) and 15 of the Securities Act.  2012 WL 2892376, at *1 (denying motion for leave to amend); *see also In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645 (S.D.N.Y. 2012) (granting motion for reconsideration and dismissing Securities Act claims pursuant to *Fait*).  In particular, plaintiff sought to file a new complaint that added allegations as to the defendants' knowledge and intent.  2012 WL 2892376, at *1.  In language equally applicable to this case, Judge Cote soundly rejected plaintiffs' motion:

> In its proposed amended complaint, the Plaintiff seeks, for the first time, to assert claims under the Securities Act based on defendants' knowledge and intent. But in all of its pleadings and motion papers filed since the initiation of this action more than three years ago (constituting two consolidated amended complaints, briefing on a motion to dismiss, and multiple briefs on a motion for reconsideration), the Plaintiff explicitly disclaimed all allegations based on knowledge and intent pursuant to the Securities Act. This disclaimer allowed the Plaintiff to avoid the heightened pleading requirements of Rule 9(b) . . . . Plaintiff made a tactical decision to disclaim allegations as to defendants' knowledge and intent, to remain silent on the prospect of a motion for leave to amend at the March Conference and in its briefing papers, and to wait until after the Court's judgment to alter substantially its legal theory. Such actions are indicative of bad faith. (*Id.* at *3, *5.)

The same result should follow here.

## CONCLUSION

Plaintiffs' Motion for Reconsideration should be denied.

Dated:  October 1, 2012                        Respectfully submitted,

CAHILL GORDON & REINDEL LLP      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ David G. Januszewski                  By:  /s/ Jay B. Kasner
    Charles A. Gilman                          Jay B. Kasner
    David G. Januszewski                       Scott D. Musoff
    Brian P. Barrett                           Gary J. Hacker
    80 Pine Street                         Four Times Square
New York, New York  10005              New York, New York  10036
(212) 701-3000                         (212) 735-3000
(212) 269-5420 (fax)                   (212) 735-2000 (fax)
*Attorneys for Deutsche Bank*          *Attorneys for Underwriter Defendants*
*Defendants and Individual Defendants*

-10-