UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

In re DEUTSCHE BANK AG SECURITIES            :      Master File No. 1:09-cv-01714-DAB
LITIGATION                                   :
                                             :      CLASS ACTION
——————————————————————              :
                                             :
This Document Relates To:                    :      REPLY IN SUPPORT OF PLAINTIFFS'
                                             :      MOTION FOR RECONSIDERATION
        ALL ACTIONS.                         :
                                             :
—————————————————————— x

## I.     PRELIMINARY STATEMENT

Defendants do not dispute that plaintiffs' proposed Third Consolidated Amended Complaint for Violation of the Federal Securities Laws ("TCAC") meets the pleading standard set forth in *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011) ("*Fait*"), and further states a claim under the Second Circuit's opinions in *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706 (2d Cir.), *cert. denied*, _U.S._, 132 S. Ct. 242 (2011) and *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114 (2d Cir. 2012).  Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration ("Motion") at 14-16.  As leave to amend "'shall be freely given'" when amendment would not be futile, plaintiffs' Motion should be granted.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).[1]

Defendants do not contend plaintiffs' proposed amendment would be futile.  And none of defendants' other arguments warrant denial of plaintiffs' Motion.

***First***, plaintiffs' Motion is timely under the Federal and Local Rules.  *See infra* §II.A.  The Court entered its Memorandum and Order on August 10, 2012 ("the Order"), followed by its Judgment on August 17, 2012, which dismissed plaintiffs' claims "with prejudice and without leave to replead."  Dkt. No. 71.  Plaintiffs moved for reconsideration pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e) and 60(b) within 28 days of the Judgment.  Rule 59(e) permits motions to alter or amend a judgment ***no later than 28 days*** after the entry of the judgment, and Local Civil Rule 6.3 expressly contemplates a party may move for reconsideration through other "statute or rule" including "Fed. R. Civ. P. . . 59."

***Second***, reconsideration is justified in light of:  (1) the Court's adoption of the Second Circuit's holding in *Fait*, which the Court acknowledged constituted an intervening change in

---

[1]     Citations are omitted and emphasis is added throughout unless otherwise indicated.

- 1 -

controlling law after the filing of Plaintiffs' Consolidated Amended Complaint for Violation of the Federal Securities Laws ("CAC"), and which set a pleading standard plaintiffs never had an opportunity to meet; and (2) newly discovered evidence made available after plaintiffs filed the CAC and which allows plaintiffs to meet the standard set in *Fait*.  This Court upheld plaintiffs' claims prior to its adoption of the new standard adopted in *Fait*, and plaintiffs' newly discovered evidence demonstrates defendants "did not believe the [allegedly false] statements . . . at the time they made them."  *Fait*, 655 F.3d at 112.  As defendants do not contend amendment would be futile, or that they are prejudiced in any way, the Court should allow plaintiffs an opportunity to amend.

*Third*, defendants' contention plaintiffs' request for leave to amend is "gamesmanship" is baseless.  As defendants' motions to dismiss had already been ***denied***, plaintiffs had no obligation to amend their pleadings ***before*** the Court's ruling on defendants' motion for reconsideration.  Regardless, plaintiffs notified the Court of the additional evidence contained in the TCAC as it became public, and have never been provided an opportunity to amend in light of *Fait*.  Far from "gamesmanship," plaintiffs' request is justified and should be granted.

## II.   ARGUMENT

### A.   Plaintiffs' Motion is Timely

"'[T]he standards governing Rule 59(e) and Local Rule 6.3 are the same . . .'" *Tran v. Tran*, 166 F. Supp. 2d 793, 797 (S.D.N.Y. 2001).  Rule 59(e) allows "motion[s] to alter or amend a judgment . . . no later than ***28 days*** after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "***Any*** motion that draws into question the correctness of a district court's judgment may be considered to be a motion 'to alter or amend the judgment' under Rule 59(e)."  *Veloz v. New York*, No. 98 Civ. 0567 (RWS), 1999 U.S. Dist. LEXIS 12989, at *4 (S.D.N.Y. Aug. 24, 1999) (citing Fed. R. Civ. P. 59(e)); *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991).  Indeed, Local Civil Rule 6.3

774322_1

expressly contemplates reconsideration through other "statute or rule" including "Fed. R. Civ. P. . . 59," and Local Civil Rule 7.1(a)(2) allows for plaintiffs' citation to "authorities relied upon in support of the motion," which here include Fed. R. Civ. P. 59(e) and 60(b).[2]  *See* Civil Local Rules 6.3, 7.1 (a)(2).

Plaintiffs expressly seek reconsideration pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e) and 60(b).  *See* Motion at 1; Plaintiffs' Notice of Motion for Reconsideration at 1.  Defendants' argument the Court should ignore plaintiffs' Motion, including the very first sentence expressly stating relief is sought "[p]ursuant to Fed. R. Civ. P. 59(e) and 60(b)," is both nonsensical and unsupported.  Motion at 1.

Plaintiffs' Motion, brought under Local Civil Rule 6.3 *and* Fed. R. Civ. P. 59(e), seeks reconsideration of the Order by challenging the August 17, 2012 Judgment which adopted the Court's August 10, 2012 Order.  Defendants acknowledge that plaintiffs' Motion was filed within 28 days of the Court's Judgment on August 17, 2012, in which it adopted its Order entered August 10, 2012, and dismissed plaintiffs' claims "with prejudice and without leave to replead."  Dkt. No. 71; Defs.' Opp. at 2.  Accordingly, under Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e), plaintiffs' Motion is timely.  *See United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 52 (2d Cir. 2001).

---

[2]      The *pro se* plaintiff in *Rullan* (*see* Defendants' Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration ("Defs.' Opp.") at 2 n.1) moved for reconsideration *40 days* after "[j]udgment in this case was entered on May 13, 2011."  *Rullan v. New York City Dept. of Sanitation*, No. 10 Civ. 8079 (RPP), 2012 WL 76926 (S.D.N.Y. Jan. 10, 2012).

**B.      Reconsideration Is Warranted Based on an Intervening Change in Controlling Law**

Reconsideration of the Court's decision dismissing plaintiffs' claims without leave to replead is warranted in light of the Court's interpretation of the Second Circuit's holding in *Fait*, which constituted an intervening change in controlling law after the Court upheld plaintiffs' CAC and which set a pleading standard plaintiffs never had an opportunity to meet.   Prior to this Court's August 10, 2012 Order on reconsideration, this Court upheld plaintiffs' claims in its August 19, 2011, Memorandum and Order which *inter alia*, acknowledged "[Deutsche Bank AG ('DB')] valued its subprime and mortgage-backed assets based on subjective internal estimates that were clearly inconsistent with current market conditions," cited to allegations contained in the CAC, which alleged that DB's "valuations were clearly inconsistent with actual current market conditions (including the factors described at ¶¶95, 105-112, 115-119) and blatantly missed the objective of fair value," which "result was a valuation that allowed DB to avoid reporting significant losses on its subprime/nonprime exposure prior to the Offering(s), despite the fact that all indications of fair value (as described herein at *id.*) explicitly showed these assets were nowhere near the value that DB's models purported to show."  Dkt. No. 59 at 18; CAC ¶94.

Based on the Second Circuit's intervening decision in *Fait*, this Court reconsidered its earlier Order on defendants' motions to dismiss, stating "[i]n *Fait*, and later in *City of Omaha*, the Second Circuit, ***for the first time***, held that valuation decisions such as goodwill and statements of loan loss reserves are 'opinions' rather than facts, and will not give rise to liability unless a plaintiff can 'plausibly allege that defendants did not believe the statements . . . at the time they made them.'" Order at 3-4 (citing *Fait*, 655 F.3d at 112).  The Court held "[i]t is clear that [*Fait*] was a change in intervening law," which set a standard plaintiffs have not been afforded an opportunity to meet. Order at 4. Under these circumstances, the Court should grant plaintiffs the opportunity to file the

TCAC, which conforms to the pleading standard in *Fait* as interpreted by this Court in its August 10, 2012 Order.  *See* Motion at 4.[3]

### C.    Reconsideration Is Also Warranted Based on Newly Discovered Evidence

Reconsideration is also warranted  based on the newly discovered evidence detailed in the TCAC, which includes the April 13, 2011, United States Senate Permanent Subcommittee on Investigations Report entitled, "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" (the "Levin Coburn Report"), the Financial Crisis Inquiry Report, issued in September 2010 (the "FCIC Report"), and the May 2012, $202.3 million settlement DB entered into with the U.S. Department of Justice, none of which was available until after the CAC was filed and the parties had completed briefing on the motions to dismiss.

Defendants do not contend this evidence was considered by the Court in ruling on defendants' motion for reconsideration, and indeed, neither the Court's August 10, 2012 Order nor its August 17, 2012 Judgment reference any of these documents.  To the contrary, defendants repeatedly and adamantly argued that the Court ***could not consider these materials on ruling on defendants' motions***.  For example, following plaintiffs' submission of the Levin Coburn Report to

---

[3]    Defendants do not dispute that *Fait* "was a change in intervening law"  and that "[a]fter *Fait*, Plaintiffs must allege that Defendants did not believe their valuation statements at the time they made them."   Order at 4.   Accordingly,  their authorities are distinguishable on this point. Defendants cite to *Strini* (*see* Defs.' Opp. at 5) which acknowledged plaintiffs' claims "remain[ed] viable after *Riegel*" and therefore apparently did not "constitute an intervening ***change*** in prevailing law."   *Strini v. Edwards Lifesciences Corp.*, No. 05-cv-440 (GLS/DRH), 2008 WL 820192, at *2 (N.D.N.Y. Mar. 26, 2008).  Further, the intervening decision in *Lazzarino* was handed down "after the second amended complaint was dismissed" and so, unlike here, plaintiffs' claims in that case were not upheld under one standard and later dismissed under another.  *See* Defs.' Opp. at 4 (citing *Lazzarino v. Kenton Assocs., Ltd.*, No. 96 CIV. 7842 (RO), 1999 WL 377859, at *2 (S.D.N.Y. June 9, 1999)).

the Court, defendants argued in a letter to the Court dated May 23, 2011, there was no "basis for the Court to take judicial notice of the Report" and "the Court should disregard Plaintiffs' submission." Declaration of David G. Januszewski in Opposition to Plaintiffs' Motion for Reconsideration ("Januszewski Decl."), Ex. B at 1.  Moreover, defendants again argued in a February 22, 2012, letter to the Court that the Levin Coburn Report was "not a document of which the Court may take notice" on defendants' then pending motion for reconsideration.  Januszewski Decl., Ex. D at 1.  Defendants reiterated in a further letter dated May 18, 2012, the Levin Coburn Report "is not a document of which the Court may take notice" on defendants' then pending motion for reconsideration. Januszewski Decl., Ex. G at 1.

The authorities cited by defendants do not support a contrary conclusion.  *See* Defs.' Opp. at 5-6.  For instance, *Enmon v. Prospect Captal Corp.*, 675 F.3d 138 (2d Cir. 2012) featured "ample evidence that the motion as a whole contained 'persistent misrepresentations' and was made in bad faith."  *Id*. at 146.  But defendants here make no such contention, nor could it be reasonably argued that plaintiffs took any steps to conceal the evidence featured in the TCAC.  And, the court in *Campbell v. Cantor Fitzgerald & Co., Inc.*, No. 98-9582, 1999 WL 1424999 (2d Cir. Dec. 23, 1999) indicated the new evidence in that case would not "'have justified reconsideration of the court's decision'" because "even if [the plaintiff] had properly entered the transcripts, there was a reasonable basis for the district court to conclude the arbitration panel's conclusions were not in manifest disregard of the law."  *Id*. at *1-*2.  By contrast, the evidence set forth in the TCAC permits plaintiffs to meet the standard set forth in *Fait*.  The court in *Jones v. Carolina Freight Carriers Corp.*, No. 97-7924, 1998 WL 386180 (2d Cir. Apr. 22, 1998) was similarly skeptical the submitted evidence would support the plaintiff's case.  Indeed, defendants here implicitly acknowledge the force of the new allegations, as they fail to argue the proposed amendment would be futile.

- 6 -

### D. Plaintiffs Should Be Given Lead to Amend as the TCAC Meets the Requirements of *Fait*

Defendants do not even attempt to argue that the proposed TCAC does not state a claim under *Fait*, or under the Second Circuit's decisions in *Blackstone* or *Panther Partners*. Nor could they. The TCAC's detailed allegations of DB's role in the collapse of the mortgage-backed securities market and defendants' knowledge that the market had collapsed meet the requirement of pleading that defendants "did not believe" their statements in the Offering Materials. In addition, the TCAC pleads a violation of the Securities Act of 1933 by alleging defendants failed to meet their disclosure obligations under Item 303 of SEC Regulation S-K, exactly as the Second Circuit upheld in *Blackstone*, 634 F.3d 706 and *Panther Partners*, 681 F.3d 114. As amendment would not be futile, plaintiffs' motion should be granted. *Foman*, 371 U.S. at 182.

Defendants' argument that plaintiffs' request for leave to amend is "gamesmanship" is superficial and without any basis. Defs.' Opp. at 7. The Court previously upheld the CAC over defendants' motions to dismiss, and it was only ***after*** the intervening change in controlling law that the Court reconsidered the adequacy of the CAC. Plaintiffs have ***never*** been provided an opportunity to amend in light of *Fait*, despite the voluminous evidence that has been recently unearthed against DB – evidence that (even defendants do not contest) allows plaintiffs to adequately state a claim.

The authority defendants cite is totally inapposite to these facts. In *In re Gen. Elec. Co. Sec. Litig.*, No. 09 Civ 1951 DLC, 2012 WL 2892376 (S.D.N.Y. July 12, 2012), the court ***provided plaintiffs an opportunity to amend***, which the plaintiff ***declined***. *Id*. at *1, *3 (after the court warned the parties it only planned on ruling on the motion to dismiss once, "[p]laintiff's [c]ounsel

- 7 -

did not request leave to file an amended complaint, or give any indication that he intended to do so").[4] Here, plaintiffs were never provided any such opportunity, and have written multiple letters to the Court detailing the facts now alleged in the TCAC. As there has been absolutely no undue delay in this action by plaintiffs, and defendants have not claimed any undue prejudice, plaintiffs' Motion should be granted. *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (claims of undue delay, as a general matter, alone will not require denial of a good faith proposed amendment).

## III.   CONCLUSION

For the reasons set forth herein, as well as others the Court may consider, plaintiffs respectfully request the Court reconsider its Order denying plaintiffs' claims with prejudice and without leave to replead. Plaintiffs further request the Court accept the TCAC and deem the TCAC filed as the operative complaint.

DATED:  October 8, 2012                    Respectfully submitted,

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            ANDREW J. BROWN
                                            ERIC I. NIEHAUS
                                            LUCAS F. OLTS
                                            CHRISTOPHER D. STEWART


                                            s/ ANDREW J. BROWN
                                            ANDREW J. BROWN

---

[4]       Defendants' other authority supports plaintiffs' position. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (plaintiffs provided an opportunity to file three amended complaints before being dismissed with prejudice, because the proposed amendment was simply "recycled versions" of the previous complaints); *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003) (denying leave to amend only where the new allegations were "available to plaintiffs years ago, but . . . [also] utterly fails to address [the complaint's] deficiencies").

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
andrewb@rgrdlaw.com
ericn@rgrdlaw.com
loltz@rgrdlaw.com
cstewart@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com


LAW OFFICES OF BERNARD M.
    GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

Lead Counsel for Plaintiffs

MURRAY FRANK LLP
BRIAN P. MURRAY
275 Madison Avenue, Suite 801
New York, NY  10016
Telephone:  212/682-1818
212/682-1892 (fax)
bmurray@murrayfrank.com

Co-Lead Counsel for Plaintiffs

- 9 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 8, 2012.

s/ ANDREW J. BROWN
ANDREW J. BROWN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: andrewb@rgrdlaw.com

774322_1

# Mailing Information for a Case 1:09-cv-01714-DAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Lee Albert**
  lalbert@murrayfrank.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com,nhorstman@rgrdlaw.com,ldeem@rgrdlaw.com

- **Deborah R Gross**
  debbie@bernardmgross.com

- **Eva Hromadkova**
  evah@murrayfrank.com

- **David George Januszewski**
  djanuszewski@cahill.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Matthew Montgomery**
  mattm@csgrr.com

- **Brian Philip Murray**
  bmurray@murrayfrank.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Harry J. Weiss**
450 Fifth Street, N.W.
Mail Stop 4-2
Washington, DC 20549