UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re DEUTSCHE BANK AG
SECURITIES LITIGATION

                                                     MEMORANDUM AND ORDER
Document Relates to: ALL ACTIONS    09 Civ. 1714 (DAB)

------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     On February 24, 2009, Plaintiffs filed a complaint alleging that Defendants violated Sections 11, 12(a)(2), and 15 of the Securities Act. (ECF No. 1.) On August 19, 2011, this Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint. See In re Deutsche Bank Sec. Litig., No. 09 Civ. 1714 (DAB), 2011 U.S. Dist. LEXIS 93867, at *5 (S.D.N.Y. Aug. 19, 2011). On August 9, 2012, upon Defendants' Motion to Reconsider the Court's August 19, 2011 Opinion, this Court granted Defendants' Motion to Dismiss and dismissed the Complaint with prejudice and without leave to replead. See In re Deutsche Bank AG Secs. Litig., 09 Civ. 1714 (DAB), 2012 U.S. Dist. LEXIS 115088, at *11 (S.D.N.Y. Aug. 9, 2012). Plaintiffs now move the Court to reconsider its August 9, 2012 Opinion pursuant to Local Rule 6.3 and Federal Rules of Civil Procedure 59(e). For the reasons contained herein, Plaintiffs' Motion is DENIED.

1

I. BACKGROUND

The Court presumes the Parties' familiarity with the facts of the case, as the docket sets them out clearly in the previously issued Court Orders dated August 11, 2009, August 19, 2011, and August 10, 2012.

II. DISCUSSION

A. Legal Standard for a Rule 59(e) Motion to Reconsider[1]

The standard for granting a Motion to Reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSC Transp., 70 F.3d 255, 257 (2d Cir. 1995); see Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)(holding that a Motion to Reconsider "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.").

---

[1] Plaintiffs also move the Court pursuant to Federal Rule 60(b) but, under the present facts, the 60(b) Motion would require them to meet a higher burden. As such, the Court would only consider the 60(b) Motion if the 59(e) Motion were untimely. See Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006)("While the two rules have similarities, Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.").

2

"The major grounds for justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245 (2d Cir. 1992); King County v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 320 (S.D.N.Y. 2012). A Motion to Reconsider, therefore, is not a motion in which a movant may reargue "those issues already considered when a party does not like the way the original motion was resolved." Lichtenberg v. Besicorp Group Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002)(citing In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)). Thus, Local Rule 6.3 should be "narrowly construed and strictly applied" to avoid repetitive arguments already submitted to the Court. In re GE Sec. Litig., 856 F. Supp. 2d 645, 652 (S.D.N.Y. 2012). A Motion to Reconsider is neither an "'opportunity for making new arguments that could have been previously advanced,' nor is it a substitute for [an] appeal." Fishoff v. COTY, Inc., 09 Civ. 628 (SAS), 2009 U.S. Dist. LEXIS 68706 (S.D.N.Y. Aug. 6, 2009)(citing Associated Press v. United States Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

    B. Timeliness

    Defendants argue that Plaintiffs' Motion for Reconsideration pursuant to Federal Rule 59(e) is untimely because it was filed

3

34 days after the issuance of the Court's Memorandum and Order. Under Federal Rule 59(e) and Local Rule 6.3, where an Order results in a judgment, the Motion to Alter or Amend must be made within twenty-eight days of the Judgment's entry. Fed R. Civ. P. 59(e); Meteor AG v. Fed. Express Corp., 08 Civ. 3773 (JGK), 2009 U.S. Dist. LEXIS 107674, at *5-6 (S.D.N.Y. Nov. 18, 2009)(finding that although Party's Rule 59 Motion was filed 95 days after the Court's Order, the Motion was timely because it was filed several days before the Judgment was entered). The Final Judgment[2] in this matter was entered on August 17, 2012, and twenty-seven days later, on September 13, 2012, Plaintiffs filed their Rule 59(e) Motion. (ECF No. 71,72.) The Motion was clearly within the twenty-eight day limit and, therefore, the Motion is timely.

C. Intervening Change in Controlling Law

Plaintiffs argue that Fait v. Regions Fin. Corp., 655 F.3d 105 (2d Cir. 2011), constitutes an intervening change in controlling law such that their Motion to Reconsider should be granted. (Def.'s Mot. 6.) Fait, however, does not constitute an intervening change in controlling law; it was decided almost a year before the Court issued its Opinion, and was relied upon in the Court's analysis. In re Deutsche Bank AG Secs. Litig., 09 Civ. 1714 (DAB), 2012 U.S. Dist. LEXIS 115088, at *7-11; see Lazzarino v. Kenton Assocs., Ltd., 96 Civ. 7842 (RO), 1999 U.S.

---

[2] Also called the "Clerk's Judgment."

4

Dist. LEXIS 8581 at *6 (S.D.N.Y. June 8, 1999)(finding no intervening change in law because the ruling was made well before the Order Plaintiffs sought to be reconsidered); Strini v. Edwards Lifesciences Corp., No. 05-CV-440 (GLS/DRH), 2008 U.S. Dist. LEXIS 24617 at *9 (N.D.N.Y. Mar. 26, 2008)(holding that the Opinions cited as intervening changes "were both known at the time of the order and do not constitute an intervening change in prevailing law."); Long v. U.S. Department of Justice, 778 F. Supp. 2d 222, 229 (N.D.N.Y. 2011)(finding that a case, which was decided before the issuance of the Court Order and cited in Petitioner's previous submissions, does not constitute an intervening change in controlling law.)

D. New and Prior-Unavailable Evidence

Plaintiffs also argue that they have presented newly discovered evidence and, as such, their Motion to Reconsider should be granted. (Def.'s Mot. 7-12.) All of the proposed evidence was available prior to the filing of the Clerk's Judgment on August 17, 2012, however, an important fact that precludes the Court from concluding that it was "new" or "newly discovered."[3] See Enmon v. Prospect Capital Corp., 675 F.3d 138, 146 (2d Cir. 2011)("[The] record demonstrates that [the moving

---

[3] Plaintiffs cited U.S. Senate Subcommittee on Investigations Report, "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse," in their 2011 Memorandum in Opposition to Defendants' Motion for Reconsideration. Furthermore, the Financial Crisis Inquiry Commission Report was publicly available January 2012 and Deutsche Bank's Settlement with the Department of Justice took place in May 2012, neither of which qualifies as newly discovered as they were accessible months before the entry of Judgment.

party] had known about the evidence for over a year," and as a result the evidence was neither new nor newly discovered); Campbell v. Cantor Fitzgerald & Co., 98-9582, 1999 U.S. App. LEXIS 38259 (2d Cir. Dec. 23, 1999)("Even if [the moving party] had submitted the transcript to the court along with her Rule 59 motion, the district court would have properly disregarded the evidence because it was previously available to Campbell, and therefore was not newly discovered evidence that might have justified reconsideration of the court's decision.")(internal quote omitted); Jones v. Carolina Freight Carriers Corp., No. 97-7924, 1998 U.S. App. LEXIS 25328 (2d Cir. Apr. 22, 1998)("A motion for reconsideration is not properly used as a vehicle for the introduction of new evidence that could have been presented to the court prior to the decision of which reconsideration is sought.").

III. CONCLUSION

Plaintiffs have not demonstrated an intervening change in controlling law, the availability of new or newly discovered evidence, or the need to correct a clear error or prevent manifest injustice. As such, Plaintiffs have failed to meet the standard for a Motion to Reconsider under Federal Rule 59(e) (or the higher burden under Federal Rule 60(b)). For the reasons stated above, the August 9, 2012 Order dismissing the Complaint

stands and Plaintiffs' Motion to Reconsider is DENIED with prejudice and without leave to amend.

SO ORDERED.

Dated:   May 14, 2013
         New York, New York

                                        _Deborah A. Batts_
                                         Deborah A. Batts
                                         United States District Judge