# MANDATE

13-2364-cv
Kaess et al. v. Deutsche Bank AG et al.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_\_10/23/2014_____

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

1:09-cv-01714-DAB

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1  At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
2  Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
3  16th day of  July,  two thousand fourteen.
4
5  Present:       ROSEMARY S. POOLER,
6                 PETER W. HALL,
7                 SUSAN L. CARNEY,
8                       *Circuit Judges*.
9  _____
10
11  NORBERT G. KAESS, on behalf of himself and all others similarly situated, BELMONT
12  HOLDINGS CORP., MARIA FARRUGGIO, on behalf of themselves and all others similarly
13  situated, EDWARD P. ZEMPRELLI, on behalf of himself and all others similarly situated,
14
15                       *Plaintiffs-Appellants*,
16
17                       -v-                                           13-2364-cv
18
19  DEUTSCHE BANK AG, DEUTSCHE BANK CAPITAL FUNDING TRUST VIII,
20  DEUTSCHE BANK CAPITAL FUNDING LLC VIII, DEUTSCHE BANK CAPITAL
21  FUNDING TRUST X, DEUTSCHE BANK CAPITAL FUNDING LLC X,
22  JOSEF ACKERMANN, ANTHONY DI IORIO, BANZIGER HUGO,
23  TESSEN VON HEYDEBRECK, HERMANN-JOSEF LAMBERTI, MARTIN EDELMANN,
24  PETE STURZINGER, DETLEF BINDERT, JONATHAN BLAKE, MARCO ZIMMERMANN,
25  UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS, INC., MERRILL LYNCH,
26  PIERCE, FENNER & SMITH INCORPORATED, WACHOVIA CAPITAL MARKETS, LLC,
27  MORGAN STANLEY & CO. INCORPORATED, DEUTSCHE BANK SECURITIES INC.,
28  BANC OF AMERICA SECURITIES LLC, DEUTSCHE BANK CONTINGENT CAPITAL
29  TRUST III, DEUTSCHE BANK CONTINGENT CAPITAL TRUST V, DEUTSCHE BANK
30  CONTINGENT CAPITAL TRUST LLC V, DEUTSCHE BANK CAPITAL FUNDING TRUST
31  IX, DEUTSCHE BANKD CAPITAL FUNDING LLC IX, RAINER RAULEDER, DEUTSCHE
32  BANK CONTINGENT CAPITAL TRUST III, DEUTSCHE BANK CONTINGENT CAPITAL
33  LLC III, KPMG DEUTSCHE TREUHAND-GESELLSCHAFT, KPMG INTERNATIONAL,
34  DEUTSCHE BANK CONTINGENT CAPITAL TRUST II, DEUTSCHE BANK

CONTINGENT CAPITAL LLC II,

*Defendants-Appellees*.[*]

---

| | |
|---|---|
| Appearing for Appellants: | Steven F. Hubachek, Robbins Geller Rudman & Dowd LLP, San Diego, CA (Andrew J. Brown, Eric I. Niehaus, Lucas F. Olts, Christopher D. Stewart, Robbins Geller Rudman & Dowd LLP; Deborah R. Gross, Law Offices of Bernard M. Gross, P.C., Philadelphia, PA, *on the brief*). |
| Appearing for Appellees: | Charles A. Gilman (David G. Januszewski, Brian Barrett, Minh-Van Do, *on the brief*), Cahill Gordon & Reindel LLP, New York, N.Y., *for the Deutsche Bank Defendants and the Individual Defendants*. |
| | Gary J. Hacker (Scott D. Musoff, Jay B. Kasner, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP New York, N.Y., *for UBS Securities LLC, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wachovia Capital Markets, LLC, Morgan Stanley & Co., Inc., and Banc of America Securities LLC*. |

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Belmont Holdings Corporation, Norbert G. Kaess, Maria Farruggio, and Edward P. Zemprelli (collectively, "Plaintiffs") filed suit on behalf of themselves and others similarly situated in the United States District Court for the Southern District of New York (Batts, *J.*), alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 by certain Deutsche Bank entities, individual defendants, underwriters, and auditor KPMG International (collectively, "DB" or "Defendants"). Though the district court initially granted in part and denied in part Defendants' motion to dismiss the Consolidated Amended Complaint ("CAC"), in the wake of our decision in *Fait v. Regions Financial Corporation*, 655 F.3d 105 (2d Cir. 2011), Defendants moved for reconsideration, which the district court granted, dismissing the CAC in its entirety and entering judgment for Defendants.

Plaintiffs now appeal from (1) the August 9, 2012 memorandum and order and the August 17, 2012 judgment dismissing the CAC with prejudice, and (2) the May 15, 2013 denial of their motion for reconsideration and request for leave to file a Third Consolidated Amended

---

[*] The Clerk of Court is directed to amend the caption as above.

Complaint ("TCAC"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review de novo the dismissal of a complaint under Rule 12(b)(6) [of the Federal Rules of Civil Procedure], accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011) (internal quotation marks omitted). "We review the district court's denial of a postjudgment motion for leave to replead for abuse of discretion." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011).

With respect to the dismissal of the CAC, the district court was correct to hold that DB's estimation of the extent of its investment in and exposure to residential mortgage-backed securities, as well as its statements about its Value-at-Risk ("VaR") metrics, amounted only to statements of opinion. *See Fait* at 655 F.3d at 110-11 ("Estimates of goodwill depend on management's determination of the fair value of the assets acquired and liabilities assumed, which are not matters of objective fact. . . . In other words, the statements regarding goodwill at issue here are subjective ones rather than objective factual matters.") (internal quotation marks and citations omitted). As such, to have survived a motion to dismiss, Plaintiffs needed to have alleged that Defendants' statements about market risk, proprietary lending risk, and exposure to the real estate market were "both objectively false and disbelieved by the defendant[s] at the time [these statements] w[ere] expressed." *Id.* at 110. There are no allegations in the CAC that DB disbelieved its own disclosures about credit trading, market risk and its exposure to the subprime and nonprime markets, or its own VaR metrics and internal valuation models. Further, though Plaintiffs allege that Defendants were under an affirmative obligation to disclose their €20 billion exposure to nonprime and subprime assets, there is no requirement that offering documents identify every type of asset that a security contains. *See Hunt v. Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 730 (2d Cir. 1998) (declining to require more particularized disclosures even though the specific type of asset at issue allegedly posed far greater risk than the general category of assets described, and holding that the challenged prospectuses "contained disclosures broad enough to cover these instruments"). Thus, we affirm the district court's dismissal of the CAC.

We also hold that the district court did not abuse its discretion in denying Plaintiffs' motion, brought pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, which asked the district court to set aside the judgment, reconsider its prior decision, and grant Plaintiffs leave to file a TCAC.  Where "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Williams*, 659 F.3d at 213. The district court correctly held that there was no intervening change in controlling law between the court's August 2012 decision and judgment and Plaintiffs' September 2012 motion for reconsideration. And, as noted by the district court, the "new" evidence Plaintiffs claimed to incorporate had been available prior to entry of the August 2012 judgment. As such, Plaintiffs did not meet the strict standard governing applications for reconsideration or for setting aside the August 2012 judgment. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted)), *cert. denied*, 133 S. Ct. 1805 (2013).

| | |
|---|---|
| 1 | We have considered the remainder of Plaintiffs' arguments and find them to be without |
| 2 | merit. Accordingly, the order of the district court hereby is AFFIRMED. |
| 3 | |
| 4 | FOR THE COURT: |
| 5 | Catherine O'Hagan Wolfe, Clerk |
| 6 | |

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4