USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: **9/18/18**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X
In re DEUTSCHE BANK AG
SECURITIES LITIGATION                         09-CV-1714 (DAB)
--------------------------------------X        <u>ORDER</u>

DEBORAH A. BATTS, United States District Judge.

   Defendants in the above captioned case argue that Lead and Named Plaintiffs, Kaess and Farruggio, have not demonstrated that they purchased in a U.S. market. (Mem. of Law in Supp. of Defs.' Mot. to Deny Class Action Certification, dkt. 173.) Plaintiffs respond that "the securities were intended to be and were in fact traded on the New York Stock Exchange." (Mem. of Law in Supp. of Pls.' Mot. for Class Certification, dkt. 176.) The Court finds that Plaintiffs have not pointed to convincing evidence that the relevant transaction in fact occurred in the United States.

   Accordingly, Plaintiffs shall produce definitive proof that the relevant transaction occurred in the United States. Evidence that merely states that Plaintiffs or underwriters were located in the United States or that the brokerage account was maintained in the United States at the time of purchase <u>will not suffice</u>. <u>In re Sanofi-Aventis Secs. Litig.</u>, 293 F.R.D. 449, 457 (S.D.N.Y. 2013) ("The focus of the Exchange Act is on the location of the purchase

or sale, not upon . . . whereabouts of the investor." (internal citations and quotation marks omitted)); see City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 181 (2d Cir. 2014) (holding that "mere placement of a buy order in the United States for the purchase of foreign securities on a foreign exchange is [not] sufficient to allege that a purchaser incurred irrevocable liability in the United States"). Moreover, Evidence that the relevant securities were listed on a domestic exchange with nothing more will not suffice. See Pontiac, 752 F.3d at 176 (holding that United States securities laws do not apply to claims arising from securities purchased on foreign exchanges, but cross-listed on a domestic exchange).

If the evidence is in a language other than English, the documents shall be translated and affirmed. This evidence shall be received by Chambers on or before September 27, 2018. Failure to do so will jeopardize class action status for Plaintiffs.

SO ORDERED.

Dated:   September 18, 2018
         New York, New York

_____
Deborah A. Batts
United States District Judge