CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702
(212) 701-3403

May 23, 2019

Re:   *In re Deutsche Bank AG Securities Litigation*, 09 Civ. 1714 (DAB)(RWL)

Dear Judge Batts:

Pursuant to Your Honor's August 15, 2018 Order (ECF 215) (the "Scheduling Order"), I write on behalf of the Deutsche Bank Defendants and the Individual Defendants to inform the Court and Plaintiffs of the bases upon which they contemplate moving for summary judgment.

Plaintiffs brought this action under §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 with respect to six offerings of trust preferred securities between October 2006 and May 2008, alleging that Deutsche Bank failed to disclose its "true exposure" to U.S. housing market and subprime mortgages. The case was dismissed in its entirety, and that dismissal was in all respects affirmed by a unanimous panel of the Second Circuit. *See In re Deutsche Bank AG Sec. Litig.*, 2012 WL 3297730 (S.D.N.Y. Aug. 10, 2012), *aff'd sub nom. Kaess* v. *Deutsche Bank AG*, 572 F. App'x 58 (2d Cir. 2014). Plaintiffs got a lifeline when the Supreme Court decided *Omnicare, Inc.* v. *Laborers Dist. Council Const. Indus.*, 135 S. Ct. 1318 (2015), and were permitted to try to satisfy the burdens it established. Following Plaintiffs' filing of a Third Consolidated Amended Complaint, the vast bulk of the case was again dismissed. *See In re Deutsche Bank AG Sec. Litig.*, 2016 WL 4083429 (S.D.N.Y. July 25, 2016). The Court narrowed the case to alleged omissions under Items 303 and 503 of Regulation S-K that relate to the Management Discussion and Analysis and the Risk Factors sections of the offering materials associated with the November 2007 and February 2008 Offerings. *Id.* at *26; *see also In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 76 (S.D.N.Y. 2018) (describing the holdings in the Court's July 25, 2016 Opinion).

In dismissing all claims concerning the May 2008 Offering, the Court held the disclosures in the Bank's 2007 Annual Report on SEC Form 20-F (publicly filed on March 26, 2008) "sufficiently demonstrate satisfaction of the Item 303 and Item 503 requirements." *In re Deutsche Bank AG Sec. Litig.*, 2016 WL 4083429 at *31-*34. The Court's dismissal of the May 2008 Offering on the basis of disclosure is significant and dispositive. Both Plaintiffs' and Defendants' experts have found no statistically significant decrease in the trading price of the securities at issue until more than a month *after* the public filing of the 2007 Annual Report. Even then, the price dip was minor, short-lived and unconnected to the disclosure of any new information at issue in this case. It was not until June 2008 (more than seven months after the November 2007 offering and four months after the February 2008 offering) that the securities started trading below their initial offering price, consistent with the reaction of the entire market to the intensifying financial crisis. Defendants will be able to prove negative loss causation (*see* 15 U.S.C. § 77k(e)), requiring dismissal of Plaintiffs' claims. *In re Barclays Bank PLC Securities Litigation*, 756 F. App'x 41, 45 (2d Cir. 2018) (affirming dismissal of securities class action relating to similar offerings of securities by another international bank based on defendants' showing of negative loss causation).

Plaintiffs also cannot establish their claims. *First*, the offerings contained comprehensive disclosure about the deteriorating credit market and overall market volatility along with qualitative

CAHILL GORDON & REINDEL LLP

- 2 -

disclosures concerning the Bank's net exposure to the RMBS market and subprime. Throughout the relevant period, the Bank was "net short" subprime because of steps (all disclosed) taken to manage and hedge that exposure. Plaintiffs contend that the Bank was required to disclose granular information about its *gross* exposure to RMBS and subprime, and the amount of residual risk remaining from imperfect hedges (known as "basis risk"). But "'[t]he SEC has never gone so far as to require a company to announce its internal business strategies.' . . . We decline to do so now." *Steamfitters' Indus. Pension Fund* v. *Endo Int'l*, 2019 WL 1890764, at *3 (2d Cir. April 29, 2019) (discussing Item 303). As the Court of Appeals stated in affirming the earlier dismissal of this lawsuit, "though Plaintiffs allege that Defendants were under an affirmative obligation to disclose their €20 billion exposure to nonprime and subprime assets, there is no requirement that offering documents identify every type of asset that a security contains." *Kaess*, 572 F. App'x at 59.

*Second*, the Second Circuit held in this action that the Bank's estimation of the extent of its exposure to residential mortgage-backed securities "amounted only to statements of opinion." *Kaess* 572 F. App'x at 59. The only claims left involve matters of "opinion" and "forward-looking" statements protected by the Supreme Court's decision in *Omnicare, Inc.* v. *Laborers Dist. Council Const. Indus.*, 135 S. Ct. 1318 (2015) and the statutory safe harbor in 17 C.F.R. § 230.175. There is not a shred of evidence in the record supporting the proposition that Deutsche Bank's disclosures were made or signed by any individual in bad faith, or without a reasonable basis.

*Third*, there is no triable issue as to materiality. The information allegedly omitted – at most a *gross* €20 billion exposure to the U.S. housing market – was less than 1% of the Bank's more than €2 *trillion* in assets. At all relevant times, the Bank's *net* exposure (which is the metric used in this Circuit) was in the range of $1/10^{th}$ of 1% of the Bank's assets, and the Bank was "net short" the subprime real estate market. The immateriality of the omissions Plaintiffs allege is reinforced by the undisputed fact that the price of the trust preferred securities did not react to the disclosure of any allegedly omitted information – including when a month earlier the 2007 20-F disclosed all or much of the information Plaintiffs contend had previously been omitted. *See Akerman* v. *Oryx Communications*, 810 F.2d 336, 341-43 (2d Cir. 1987) (affirming dismissal on summary judgment of §§ 11, 12(a)(2) class claims).

*Fourth*, Plaintiffs have no compensable loss, and lack standing to sue. They *substantially profited* on their purchases of the securities at issue. The Court has stated that it will address this issue at summary judgment. *See* April 6, 2017 Order (ECF 151). That time is now here. In addition, because all of the securities at issue were fully redeemed at their initial offering price of $25.00 per share (and between issuance and redemption paid all interest on time and in full), all those who bought on the offerings and held through redemption have no loss.

*Finally*, certain defendants were not involved in either of the two offerings, or otherwise do not meet the requirements of Section 15, and should be dismissed on that basis.

Respectfully submitted,

Charles A. Gilman

CAHILL GORDON & REINDEL LLP

- 3 -

Hon. Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

cc:    Counsel of Record