SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-3000
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

May 23, 2019

**VIA ECF**
The Hon. Deborah A. Batts
United States District Court
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

RE: *In re Deutsche Bank AG Sec. Litig.*, No. 09-cv-01714-DAB-RWL

Dear Judge Batts:

We represent the Underwriter Defendants other than Deutsche Bank Securities, Inc. ("DBSI") in the above-captioned matter.[1] Pursuant to the Court's Order dated August 15, 2018 (ECF 215), as well as Rule II(B)(2) of Your Honor's Individual Practices, we respectfully write to summarize the proposed grounds on which the Underwriter Defendants intend to move for summary judgment.

We respectfully refer to the Deutsche Bank Defendants'[2] pre-motion letter dated May 23, 2019, for background and procedural posture. As set forth in their letter, the remaining claims are limited and relate to two Deutsche Bank securities offerings in November 2007 and February 2008.[3] The Underwriter Defendants intend to join in the Deutsche Bank Defendants' anticipated motion for summary judgment on several grounds, including negative causation (*see* 15 U.S.C. § 77k(e)) and Plaintiffs' failure to demonstrate a *prima facie* case of Securities Act liability. The Underwriter Defendants also intend to move for summary judgment on the so-called "Due Diligence Defense." The Court need not reach this motion if the

---

[1] The "Underwriter Defendants" are UBS Securities LLC; Citigroup Global Markets Inc. ("Citi"); Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), individually and as successor by merger to Banc of America Securities LLC; Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC); DBSI; and Morgan Stanley & Co. We understand that DBSI, which is separately represented, intends to join the arguments summarized in this letter.

[2] The "Deutsche Bank Defendants" are Deutsche Bank AG and affiliated special purpose entities.

[3] Defendant Citi was the lead underwriter for the November 2007 Offering, while Defendant Merrill acted as lead underwriter for the February 2008 Offering. The remaining Underwriter Defendants served as co-managers, or participating underwriters, in both Offerings.

The Hon. Deborah A. Batts
May 23, 2019
Page 2

Deutsche Bank Defendants' motion is granted. *See In re Barclays Bank PLC Sec. Litig.*, No. 09 CIV. 1989 (PAC), 2017 WL 4082305 (S.D.N.Y. Sept. 13, 2017).

Plaintiffs allege that the Underwriter Defendants failed to "make a reasonable and diligent investigation of the statements contained" in the registration statements and prospectuses for the Offerings, in violation of §§ 11 and 12(a)(2) of the Securities Act. *See* Plaintiffs' Third Consolidated Amended Complaint ("TCAC") (ECF 98), at ¶¶ 206, 216. Had the Underwriter Defendants acted with "reasonable care," Plaintiffs aver, they would have learned that these offering documents supposedly failed to disclose materially adverse trends and other risks, as required by Items 303 and 503 of Regulation S-K. In this regard, Plaintiffs contend that the offering documents in question omitted material facts concerning, among other matters, the Deutsche Bank Defendants' risk exposure to CDOs, RMBS, and other assets that were backed by subprime and Alt-A residential mortgages.

The Underwriter Defendants are entitled to summary judgment because they, "in the exercise of reasonable care," conducted a "reasonable investigation" in connection with both Offerings. *See* 15 U.S.C. §§ 77k, 77l. As a result of the robust due diligence conducted here, the Underwriter Defendants had a "reasonable ground to believe," and in fact did believe, that there were no material misstatements or omissions in the registration statements and prospectuses for the November 2007 and February 2008 Offerings. *See id.*[4] Specifically, the Underwriter Defendants will show that their due diligence was comprehensive and tailored to address the very items that Plaintiffs complain about in the TCAC. For instance, the record establishes that the Underwriter Defendants, through their review of documents and questioning of senior management, among other things, examined Deutsche Bank's potential exposure to the financial crisis, including risks relating to subprime and Alt-A-related assets such as RMBS and CDOs. The material facts not in dispute, when viewed in their totality, establish that the Underwriter Defendants more than met the statutory benchmark for "reasonableness" by acting as a "prudent man [would] in the management of his own property." 15 U.S.C. § 77k(c).

                Respectfully submitted,

                */s/ Scott D. Musoff*

cc: All counsel of record (via ECF)

---

[4] To the extent Plaintiffs' claims apply to expertised portions of the registration statements, the Underwriter Defendants "had no reasonable ground to believe and did not believe . . . that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein . . . ." *See* 15 U.S.C. § 77k.