UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re DEUTSCHE BANK AG SECURITIES      :      Master File No. 1:09-cv-01714-DAB-RWL
LITIGATION                             :
————————————————————          :      CLASS ACTION
                                       :
This Document Relates To:              :      STIPULATION OF SETTLEMENT
                                       :
        ALL ACTIONS.                   :
                                       :
———————————————————— x

This Stipulation of Settlement, dated November 11, 2019 (the "Stipulation"), is made and entered into by and among: (i) Plaintiffs Norbert G. Kaess and Maria Farruggio (collectively, "Class Plaintiffs") (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation; and (ii) Defendant Deutsche Bank AG ("Defendant" or "Deutsche Bank" or the "Company"), on its own behalf and on behalf of each of the DB Defendants[1] and each of the Underwriter Defendants[2] (collectively, "Defendants"), by and through their attorneys of record in the Litigation. Class Plaintiffs and Defendants are referred to herein as the "Settling Parties." This Stipulation is intended to fully, finally and forever resolve, discharge and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.     THE LITIGATION

The Litigation is pending before the Honorable Deborah A. Batts in the United States District Court for the Southern District of New York (the "Court"). On February 24, 2009, the first of six putative class action complaints was filed. The complaints were consolidated by the Court on August 11, 2009. On November 23, 2009, the Court appointed Lead Plaintiffs and Lead Counsel and directed the filing of a Consolidated Amended Complaint ("CAC"). The CAC, filed on January 25, 2010, alleged violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the

---

[1]   "DB Defendants" are Deutsche Bank Contingent Capital LLC II, Deutsche Bank Contingent Capital Trust II, Deutsche Bank Capital Funding Trust IX, Deutsche Bank Capital Funding LLC IX, Deutsche Bank Capital Funding LLC X, Deutsche Bank Capital Funding Trust X, Deutsche Bank Contingent Capital LLC III, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital LLC V, Deutsche Bank Contingent Capital Trust V, Deutsche Bank Capital Funding LLC VIII, Deutsche Bank Capital Funding Trust VIII, Josef Ackermann, Jonathan Blake, Hugo Banziger, Anthony Di Iorio, Martin Edelmann, Hermann-Josef Lamberti, Rainer Rauleder, Peter Sturzinger, and Marco Zimmermann.

[2]   "Underwriter Defendants" are UBS Securities LLC, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, individually and as successor by merger to defendant Banc of America Securities LLC, Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC), Morgan Stanley & Co., and Deutsche Bank Securities Inc.

"Securities Act") by Deutsche Bank and certain individual defendants, underwriters, and the auditor relating to a Form F-3 Registration Statement and Prospectus filed with the Securities and Exchange Commission on October 10, 2006, and various prospectus supplements to that Registration Statement (collectively, the "Offering Materials") used to conduct the Offerings, as defined below.

Defendants moved to dismiss the CAC on March 26, 2010.  Plaintiffs filed their opposition on May 10, 2010, and Defendants filed their replies on June 9, 2010.  On August 19, 2011, the Court granted in part and denied in part Defendants' motion to dismiss.  Specifically, the Court granted with prejudice the motion to dismiss with respect to Plaintiffs' §§11, 12(a)(2) and 15 claims relating to the October 2006 Offering.  The Court denied Defendants' motions with respect to the remaining offerings.

On August 23, 2011, the Second Circuit issued an opinion in *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011) ("*Fait*").  Defendants subsequently moved for reconsideration of the Court's August 19, 2011 Order, arguing that *Fait* constituted an intervening change in the governing law.  Plaintiffs filed their opposition on September 16, 2011, and concurrently filed a Second Consolidated Amended Complaint.  Defendants filed their reply on September 22, 2011.

On August 9, 2012, the Court granted Defendants' motion to reconsider and dismissed the CAC with prejudice and without leave to amend.  On September 13, 2012, Plaintiffs moved for reconsideration and sought leave to file a proposed Third Consolidated Amended Complaint ("TCAC").  Defendants filed an opposition on October 1, 2012, and Plaintiffs filed their reply on October 8, 2012.  The Court denied Plaintiffs' motion with prejudice and without leave to amend on May 15, 2013.

Plaintiffs filed an appellate brief to the Second Circuit Court of Appeals on December 10, 2013.  Defendants filed their responsive brief on March 11, 2014, and Plaintiffs filed their reply brief

on April 24, 2014.  On July 16, 2014, the Second Circuit affirmed the Court's dismissal of the action.  Plaintiffs filed a petition for a writ for certiorari on February 13, 2014.  While Plaintiffs' petition was pending, the Supreme Court issued a decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015) ("*Omnicare*").

On June 8, 2015, the Supreme Court granted Plaintiffs' petition for certiorari, vacating the Judgment and remanding "for further consideration in light of [*Omnicare*]."  On July 21, 2015, the Second Circuit recalled the Mandate, vacated the Court's Judgment, and remanded the case for further proceedings which "may, but shall not necessarily, include allowing plaintiffs to replead their causes of action."

On July 27, 2015, Defendants filed a motion requesting the Court to dismiss Plaintiffs' complaint and deny leave to amend.  On August 7, 2015, Plaintiffs informed the Court of its intention to request leave to file the TCAC to incorporate the new *Omnicare* pleading standard.  On September 15, 2015, the Court denied Defendants' motion and granted Plaintiffs leave to file the TCAC.

The TCAC, filed on October 15, 2015, alleged that Deutsche Bank, certain individuals and the underwriters violated §§11, 12(a)(2) and 15 of the Securities Act by, *inter alia*, misrepresenting or omitting material facts in the Offering Materials.  The TCAC specifically alleged that Deutsche Bank omitted to disclose its exposures to $20 billion of RMBS and CDOs backed by risky mortgages and its losses on RMBS during 2007.  The TCAC alleged that as a result, Deutsche Bank failed to disclose the true extent of the risks facing the bank.

Defendants moved to dismiss the TCAC on December 14, 2015.  Plaintiffs filed their opposition brief on February 12, 2016, and Defendants filed their reply on March 14, 2016.  On July 25, 2016, the Court granted in part and denied in part Defendants' motion to dismiss.

Specifically, the Court upheld Plaintiffs' claims concerning the November 2007 and February 2008 offerings with respect to the allegations regarding Item 303 and Item 503 of Regulation S-K. Defendants moved for reconsideration on August 8, 2016.  Plaintiffs filed their opposition on August 25, 2016, and Defendants filed their reply on September 6, 2016.  The Court denied Defendants' motion on September 8, 2016.  Defendants filed their Answers on October 24, 2016.

Plaintiffs moved to certify the class on November 17, 2016, and filed an amended motion on January 20, 2017, naming Lead Plaintiffs Norbert G. Kaess and Maria G. Farruggio, and plaintiff Sylvia M. Laiti ("Laiti") as Class Representatives.  Defendants filed a letter on March 22, 2017, challenging the standing of all plaintiffs, to which Plaintiffs responded on March 27, 2017.  On April 6, 2017, the Court found that Lead Plaintiffs had standing for the November 2007 offering but stayed the issue with respect to Laiti's standing as to the February 2008 offering until the Supreme Court decided *California Pub. Employees' Ret. System v. ANZ Securities, Inc.*, 137 S. Ct. 2042, 2044 (2017) ("*ANZ*"), which it did on June 26, 2017.

After *ANZ* was decided, the Court permitted Defendants to file a motion to dismiss all claims related to the February 2008 offering, which Defendants filed on August 18, 2017.  Plaintiffs filed their opposition on September 14, 2017, and Defendants filed their reply on September 28, 2017. On October 16, 2017, the Court disqualified Laiti as a plaintiff and struck the pending class certification motion from the record.

Defendants moved to deny class certification on February 21, 2018.  Plaintiffs filed an opposition to Defendants' motion and a motion to certify a class for both the November 2007 and February 2008 offerings on March 7, 2018.  Defendants filed their opposition to Plaintiffs' motion and a reply in support of Defendants' motion on March 14, 2018.  Plaintiffs filed their reply on March 21, 2018.  On September 18, 2018, the Court requested additional evidence in support of

- 4 -

Plaintiffs' motion.  Plaintiffs filed their supplemental submission on September 27, 2018, and Defendants filed a response thereto on September 28, 2018.

On October 2, 2018, the Court granted Plaintiffs' motion to certify the class and named Lead Plaintiffs Norbert G. Kaess and Maria G. Farruggio as class representatives for the surviving claims concerning the November 2007 and February 2008 offerings.  Defendants submitted a motion for permission to file a Fed. R. Civ. P. 23(f) appeal to the Second Circuit on October 16, 2018.  Plaintiffs filed a response and opposition to Defendants' motion on November 9, 2018.   On February 20, 2019, the Second Circuit denied Defendants' motion.

Upon the conclusion of all discovery in April 2019, in an effort to resolve the Litigation, Plaintiffs and Defendants engaged the services of former U.S. District Judge Layn R. Phillips, an experienced mediator.  The parties each prepared detailed mediation statements and engaged in a full-day in-person mediation session with Judge Phillips on May 1, 2019.  The parties were unable to reach an agreement on May 1, 2019, and the Litigation continued.

Defendants moved for summary judgment on July 31, 2019.  Shortly before Plaintiffs' opposition was due, the parties engaged in additional settlement discussions, which culminated with the parties agreeing to settle the Litigation for Eighteen Million Five Hundred Thousand Dollars ($18,500,000), subject to the terms of a Stipulation of Settlement and approval by the Court.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under §§11, 12(a)(2) and 15 of the Securities Act or any other federal securities laws.  Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Class Plaintiffs in the Litigation, including, without limitation, any liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been

alleged, in the Litigation.  Defendants also have denied, and continue to deny, among other things, the allegations that they made any material misstatements or omissions; that any Member of the Class has suffered any damages by reason of the misrepresentations, omissions, or otherwise; or that the Members of the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation to eliminate the burden, expense and uncertainties of further litigation.

## III.    CLASS PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims.  However, Class Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and any appeals.  Class Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Class Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Class Plaintiffs and their counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Class Plaintiffs and their counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Plaintiffs and the Class.

- 6 -

**IV.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Class Plaintiffs (for themselves and the Class Members) and Defendants, by and through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

**1.     Definitions**

As used in this Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all persons or entities who purchased or otherwise acquired the 7.35% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust X ("7.35% Preferred Securities"), and/or the 7.60% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust III ("7.60% Preferred Securities"), pursuant or traceable to the public offerings that commenced on or about November 6, 2007 and February 14, 2008.  Excluded from the Class are Defendants, the officers and directors of Deutsche Bank and the Underwriter Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are Class Members that validly and timely exclude themselves from the Class.

4836-3515-9719.v5

1.4     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5     "Class Offerings" means the 7.35% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust X, and/or the 7.60% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust III, pursuant or traceable to the public offerings that commenced on or about November 6, 2007 and February 14, 2008.

1.6     "Class Plaintiffs" means Norbert G. Kaess and Maria Farruggio.

1.7     "DB Defendants" means Deutsche Bank Contingent Capital LLC II, Deutsche Bank Contingent Capital Trust II, Deutsche Bank Capital Funding Trust IX, Deutsche Bank Capital Funding LLC IX, Deutsche Bank Capital Funding LLC X, Deutsche Bank Capital Funding Trust X, Deutsche Bank Contingent Capital LLC III, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital LLC V, Deutsche Bank Contingent Capital Trust V, Deutsche Bank Capital Funding LLC VIII, Deutsche Bank Capital Funding Trust VIII, Josef Ackermann, Jonathan Blake, Hugo Banziger, Anthony Di Iorio, Martin Edelmann, Hermann-Josef Lamberti, Rainer Rauleder, Peter Sturzinger, and Marco Zimmermann.

1.8     "Defendants" means Deutsche Bank AG, the DB Defendants, and the Underwriter Defendants.

1.9     "Effective Date," or the date upon which this Settlement becomes "effective," means the date on which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.10     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

4836-3515-9719.v5

1.11    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either: (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to attorneys' fees and expenses, the Plan of Allocation, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12    "Individual Defendants" means Josef Ackermann, Jonathan Blake, Hugo Banziger, Anthony Di Iorio, Martin Edelmann, Hermann-Josef Lamberti, Rainer Rauleder, Peter Sturzinger, and Marco Zimmermann.

1.13    "Judgment" means the Order and Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

4836-3515-9719.v5

1.14    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Glancy Prongay & Murray LLP.

1.15    "Litigation" means the action captioned *In re Deutsche Bank AG Securities Litigation*, Master File No. 1:09-cv-01714-DAB-RWL, pending in the United States District Court for the Southern District of New York.

1.16    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees and expenses, and interest thereon, and any award to Class Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.17    "Offerings" means: (i) the 6.375% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust VIII, issued October 10, 2006; (ii) the 6.55% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust II, issued May 16, 2007; (iii) the 6.625% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust IX, issued July 16, 2007; (iv) the 7.35% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust X, issued November 6, 2007; (v) the 7.60% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust III, issued February 14, 2008; and (vi) the 8.05% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust V, issued May 5, 2008.

1.18    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.19    "Plaintiffs' Counsel" means any attorney or firm that has appeared in the Litigation on behalf of Class Plaintiffs or the Class.

1.20    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.21    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.22    "Related Parties" means each of Defendants' direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate families, marital communities or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors.

1.23    "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common,

4836-3515-9719.v5

statutory, administrative or foreign law, or any other law, rule, ordinance, administrative provision or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both: (i) the purchase or acquisition of the securities in the Offerings; and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Class Plaintiffs in the Litigation.  For avoidance of doubt, this release will apply: (i) to all defendants named in any complaint filed in the Litigation, or in any actions consolidated with the Litigation, whether or not they are named as defendants in the Third Consolidated Amended Complaint, and their Related Parties (*i.e.*, their directors, officers, employees, parents, subsidiaries, agents, assigns, insurers, partners, predecessors, successors and counsel); and (ii) to each of the six Offerings of trust preferred securities guaranteed by Deutsche Bank.  "Released Claims" does not include claims to enforce the Settlement.  "Released Claims" includes "Unknown Claims" as defined in ¶1.32 hereof.

1.24    "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.25    "Released Persons" means the Defendants and their Related Parties.

1.26    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

4836-3515-9719.v5

1.27    "Settlement Amount" means Eighteen Million Five Hundred Thousand Dollars ($18,500,000.00) in cash to be paid by check or wire transfer to the Escrow Agent pursuant to ¶3.1 of this Stipulation.

1.28    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto, and which may be reduced by payments or deductions as provided for herein and approved by Court order.  Such amount is paid as consideration for the full and complete settlement of all the Released Claims.

1.29    "Settling Parties" means, collectively, Defendants and Class Plaintiffs, on behalf of themselves and the Class.

1.30    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state and federal taxes.

1.31    "Underwriter Defendants" means UBS Securities LLC, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, individually and as successor by merger to defendant Banc of America Securities LLC, Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC), Morgan Stanley & Co., and Deutsche Bank Securities Inc.

1.32    "Unknown Claims" means any and all Released Claims which Class Plaintiffs, Plaintiffs' Counsel or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of the Class Plaintiffs, Plaintiffs' Counsel, or any Class Members, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, Class

- 13 -

Plaintiffs, Plaintiffs' Counsel or Class Members, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel or Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, principle of common law or any provision of foreign law, which is similar, comparable or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without

- 14 -

malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

### 2. CAFA Notice

2.1    Pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, Deutsche Bank, at its own costs, shall serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

### 3. The Settlement

#### a. The Settlement Amount

3.1    In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the releases specified in ¶5 herein, Deutsche Bank shall be solely responsible for depositing and shall deposit the Settlement Amount into an interest-bearing escrow account ("Escrow Account") controlled by the Escrow Agent on or before twenty-one (21) calendar days after entry of the Preliminary Approval Order, as defined in ¶4.1 herein.

3.2    The Settlement Amount shall be paid entirely by Deutsche Bank on its own behalf and the behalf of each Defendant. The Settlement Amount shall be allocated as follows:  55% ($10,175,00) to Deutsche Bank AG; 45% ($8,325,000) to the Individual Defendants.

3.3    If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire

- 15 -

Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

3.4     Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶3.1 herein, neither Deutsche Bank nor any of the other Defendants shall have any obligation to make any other payment into the Settlement Fund pursuant to this Stipulation and shall have no responsibility or liability with respect to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision, allocation, or distribution of any portion of the Settlement Amount.

### b.     The Escrow Agent

3.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶3.1 hereof in United States Agency or Treasury Securities or other instruments backed by the full faith & credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

3.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Deutsche Bank.

3.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are

- 16 -

consistent with the terms of this Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

3.9     Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing Court-approved notice of the Settlement to the Class by mail, publication, and other means, locating Class Members, assisting with the submission of claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow fees and costs, if any ("Notice and Administration Expenses"). The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

### c.     Taxes

3.10     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the

- 17 -

responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶3.10(a) hereof) shall be consistent with this ¶3.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.10(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶3.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.10) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of

- 18 -

administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.10.

3.11    This is not a claims-made settlement.  As of the Effective Date, Defendants, and/or any other Person funding the Settlement on Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

> **d.    Termination of Settlement**

3.12    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶3.9 and 3.10 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from counsel for Deutsche Bank in accordance with ¶8.5 herein.

> **4.    Preliminary Approval Order and Settlement Hearing**

4.1    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting,

- 19 -

*inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶7.1 hereof, and the date of the Settlement Hearing as defined below.

4.2     It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

4.3     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5.     Releases**

5.1     Upon the Effective Date, as defined in ¶1.9 hereof, Class Plaintiffs shall, and each of the Class Members and their predecessors, successors, agents, representatives, attorneys, affiliates and the heirs, executors, administrators, successors and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

5.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.3     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting the Released Claims against any of the Released Persons.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Defendants' Claims (including Unknown Claims) against the Class Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation are not released.

**6.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiffs' Counsel (the "Fee and Expense Award"), and any award to Class Plaintiffs in connection with their representation of the Class, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

6.4     Within ninety (90) calendar days after the first mailing of the Notice, or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

No Person shall have any claim against Class Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

6.6      Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed.

6.7      Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify in a timely fashion and in writing all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶6.8 below.

6.8      If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶6.7 above, or within ten (10) business days if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

6.9      Each claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not

limited to, all releases provided for herein and in the Judgment and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.

6.10   The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

6.11   Defendants and their Related Parties shall have no responsibility for, interest in or liability whatsoever with respect to the allocation or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration or calculation of claims, the payment or withholding of Taxes or Tax Expenses or any losses incurred in connection therewith.  No Person shall have any claim of any kind against Defendants or their Related Parties (including, without limitation, attorneys for Defendants) with respect to the matters set forth in ¶¶6.1-6.13 hereof; and the Class Members, Class Plaintiffs and Lead Counsel release Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment, allocation, or distribution of the Settlement Fund.

- 24 -

6.12    No Person shall have any claim against Defendants or their Related Parties (including, without limitation, attorneys for Defendants), Class Plaintiffs, Plaintiffs' Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any orders entered pursuant to the Stipulation.

## 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees, expenses or charges in connection with prosecuting the Litigation; plus (b) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserve the right to make additional applications for attorneys' fees and expenses incurred.  In addition, Class Plaintiffs may submit an application for an amount in connection with their representation of the Class pursuant to the Private Securities Litigation Reform Act of 1995.

- 25 -

7.2    The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Litigation.

7.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel and such other Plaintiffs' Counsel who have received any portion of the Fee and Expense Award shall, within fifteen (15) business days from receiving notice from Deutsche Bank's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such attorneys' fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination.  Any refunds required pursuant to ¶7.3 shall be the several obligation of Lead Counsel and Plaintiffs' Counsel that received attorneys' fees and expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Counsel and Plaintiffs' Counsel receiving attorneys' fees and expenses, as a condition of receiving such attorneys' fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such Person and its partners, shareholders and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

- 26 -

7.4     Any attorneys' fees and expenses, and any award to Class Plaintiffs, awarded by the Court, shall be paid solely from the Settlement Fund.  With the sole exception of Deutsche Bank's obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶3.1, Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and expenses (including Taxes) to Lead Counsel, or any other counsel or Person who receives payment from the Net Settlement Fund.

7.5     Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto of any Fee and Expense Award that the Court may make in the Litigation.

7.6     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶4.1 hereof;

(c)     the Settlement Amount has been deposited into the Escrow Account;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, that, *inter alia*, dismisses with prejudice the Litigation; and

(e)     the Judgment has become Final, as defined in ¶1.11 hereof.

- 27 -

8.2     Upon the Effective Date, any and all remaining interest or right of Deutsche Bank in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶8.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶8.5, 8.6 and 8.7 hereof unless Lead Counsel and counsel for Deutsche Bank mutually agree in writing to proceed with the Settlement.

8.3     Deutsche Bank shall have the right to terminate the Settlement and render it null and void in the event that Class Members who purchased or otherwise acquired more than a certain percentage of Deutsche Bank securities subject to this Settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Class Plaintiffs and Deutsche Bank, by and through their counsel.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

8.4     Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be delivered to Deutsche Bank's counsel by Lead Counsel within the sooner of three (3) days of Lead Counsel's receipt or seven (7) days prior to the Settlement Hearing.

8.5     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to

- 28 -

occur for any reason, within fifteen (15) business days after written notification of such event is sent by counsel for Deutsche Bank or Lead Counsel to the Escrow Agent, the Settlement Fund, less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶3.9 or 3.10 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶3.9 or 3.10 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund in proportion to their respective contribution.  Such refunds shall be pursuant to written instructions from Deutsche Bank's counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Settlement Fund described in this ¶8.5.  Such payments shall be pursuant to written instructions from Deutsche Bank's counsel.

   8.6  In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of September 23, 2019.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.32, 3.4, 3.6-3.12, 7.3, 8.6-8.7, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

8.7     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶3.9 or 3.10.  In addition, any amounts already incurred pursuant to ¶¶3.9 or 3.10 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶3.12 and 8.5 hereof.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner consistent with their agreement in this Stipulation, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of or a basis for the validity of any Released Claim or of any wrongdoing or liability of Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, evidence of or basis for any fault or omission of Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own fees and costs.  Lead Counsel, on behalf of the Class, are expressly authorized by Class Plaintiffs to take all appropriate action required or

- 31 -

permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which they deem appropriate.

9.8    Class Plaintiffs and Lead Counsel represent and warrant that none of the Class Plaintiffs' claims or causes of action that were asserted or that could have been asserted in this Litigation or in this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.9    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.10    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.11    All notices, requests, demands, claims and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid) or by email; or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

***If to Class Plaintiffs or to Lead Counsel:***

ROBBINS GELLER RUDMAN & DOWD LLP
Theodore J. Pintar
655 West Broadway, Suite 1900
San Diego, CA  92101

***If to Deutsche Bank or to Deutsche Bank's or the Individual Defendants' counsel:***

CAHILL GORDON & REINDEL LLP
David G. Januszewski
80 Pine Street
New York, NY 10005-1702

***If to Underwriter Defendants or to Underwriter Defendants' Counsel:***

SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
Scott D. Musoff
Four Times Square
New York, NY 10036

9.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.14    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of New York without giving effect to its choice-of-law principles.

9.16    The headings to the Sections of this Stipulation are inserted for convenience of reference only, shall not be deemed to be a part of this Stipulation for any purpose and shall not in any way define or affect the meaning, construction or scope of any of the provisions hereof.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 11, 2019.

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUCAS F. OLTS
ERIC I. NIEHAUS
CHRISTOPHER D. STEWART
KEVIN S. SCIARANI
KEVIN A. LAVELLE
JUAN CARLOS SANCHEZ

ERIC I. NIEHAUS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lolts@rgrdlaw.com
ericn@rgrdlaw.com
cstewart@rgrdlaw.com
ksciarani@rgrdlaw.com
klavelle@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

- 34 -

GLANCY PRONGAY & MURRAY LLP
BRIAN P. MURRAY
LEE ALBERT
GARTH A. SPENCER
THOMAS J. KENNEDY

*Brian Murray (G. S.)*

BRIAN P. MURRAY

230 Park Avenue, Suite 530
New York, NY  10169
Telephone:  212/682-5340
212/884-0988 (fax)
bmurray@glancylaw.com
lalbert@glancylaw.com
gspencer@glancylaw.com
tkennedy@glancylaw.com

Co-Lead Counsel for Plaintiffs

CAHILL GORDON & REINDEL LLP
CHARLES A. GILMAN
DAVID G. JANUSZEWSKI


CHARLES A. GILMAN

80 Pine Street
New York, NY  10005
Telephone:  212/701-3000
212/269-5420 (fax)
cgilman@cahill.com
djanuszewski@cahill.com

Attorneys for Deutsche Bank and the
DB Defendants

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
JAY B. KASNER
SCOTT D. MUSOFF


SCOTT D. MUSOFF

- 35 -

GLANCY PRONGAY & MURRAY LLP
BRIAN P. MURRAY
LEE ALBERT
GARTH A. SPENCER
THOMAS J. KENNEDY


_____

BRIAN P. MURRAY

230 Park Avenue, Suite 530
New York, NY 10169
Telephone: 212/682-5340
212/884-0988 (fax)
bmurray@glancylaw.com
lalbert@glancylaw.com
gspencer@glancylaw.com
tkennedy@glancylaw.com

Co-Lead Counsel for Plaintiffs

CAHILL GORDON & REINDEL LLP
CHARLES A. GILMAN
DAVID G. JANUSZEWSKI

_____
CHARLES A. GILMAN

80 Pine Street
New York, NY 10005
Telephone: 212/701-3000
212/269-5420 (fax)
cgilman@cahill.com
djanuszewski@cahill.com

Attorneys for Deutsche Bank and the
DB Defendants

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
JAY B. KASNER
SCOTT D. MUSOFF


_____
SCOTT D. MUSOFF

- 35 -

GLANCY PRONGAY & MURRAY LLP
BRIAN P. MURRAY
LEE ALBERT
GARTH A. SPENCER
THOMAS J. KENNEDY

---

BRIAN P. MURRAY

230 Park Avenue, Suite 530
New York, NY 10169
Telephone: 212/682-5340
212/884-0988 (fax)
bmurray@glancylaw.com
lalbert@glancylaw.com
gspencer@glancylaw.com
tkennedy@glancylaw.com

Co-Lead Counsel for Plaintiffs

CAHILL GORDON & REINDEL LLP
CHARLES A. GILMAN
DAVID G. JANUSZEWSKI

---

CHARLES A. GILMAN

80 Pine Street
New York, NY 10005
Telephone: 212/701-3000
212/269-5420 (fax)
cgilman@cahill.com
djanuszewski@cahill.com

Attorneys for Deutsche Bank and the
DB Defendants

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
JAY B. KASNER
SCOTT D. MUSOFF

---

SCOTT D. MUSOFF

- 35 -

Four Times Square
New York, NY  10036
Telephone:  212/735-3000
212/735-2000 (fax)
jay.kasner@skadden.com
scott.musoff@skadden.com

Attorneys for Underwriter Defendants

4836-3515-9719.v5

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 15, 2019.

s/ ERIC I. NIEHAUS
ERIC I. NIEHAUS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ericn@rgrdlaw.com

# Mailing Information for a Case 1:09-cv-01714-DAB-RWL In Re Deutsche Bank AG Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Lee Albert**
  lalbert@glancylaw.com

- **Jessica Anne Barcus**
  jessica.barcus@skadden.com,Emma.Gardner@skadden.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com,nhorstman@rgrdlaw.com,ldeem@rgrdlaw.com

- **Charles Alan Gilman**
  cgilman@cahill.com,MA@cahill.com

- **Kyrie P Graziosi**
  kgraziosi@cahill.com

- **Deborah R Gross**
  DGross@kcr-law.com,JHannigan@kcr-law.com

- **Eva Hromadkova**
  evah@murrayfrank.com

- **Caroline Aisling Incledon**
  cincledon@cahill.com

- **David George Januszewski**
  MA@cahill.com,djanuszewski@cahill.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Thomas James Kennedy**
  tkennedy@glancylaw.com

- **Kevin A. Lavelle**
  klavelle@rgrdlaw.com

- **Samuel Giffin Mann**
  smann@cahill.com,MA@cahill.com

- **Matthew Montgomery**
  mattm@csgrr.com

- **Brian Philip Murray**
  bmurray@glancylaw.com,brian-murray-4237@ecf.pacerpro.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sharan Nirmul**
  snirmul@ktmc.com,dpotts@ktmc.com,jenck@ktmc.com,ahankins@ktmc.com,3369561420@filings.docketbird.com,mswift@ktmc.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com,susanw@rgrdlaw.com

- **Marjorie Joan Peerce**
  peercem@ballardspahr.com

- **Steven W. Pepich**
  stevep@rgrdlaw.com

- **Lauren Beth Perlgut**
  lperlgut@cahill.com,MA@cahill.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kevin S. Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Harry          J. Weiss
450 Fifth Street, N.W.
Mail Stop 4-2
Washington, DC 20549
```