UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ─────────────────── x | | |
| In re DEUTSCHE BANK AG SECURITIES LITIGATION | : | Master File No. 1:09-cv-01714-GHW-RWL |
| ─────────────────── | : : | CLASS ACTION |
| | : | |
| This Document Relates To: | : : | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | : : | |
| | : | |
| ─────────────────── x | | |

WHEREAS, on November 11, 2019, the parties to the above-entitled action (the "Litigation"), Class Plaintiffs Norbert G. Kaess and Maria Farruggio (collectively, "Class Plaintiffs") and Defendants Deutsche Bank AG, the DB Defendants[1] and the Underwriter Defendants[2] (collectively, "Defendants" and together with the Class Plaintiffs, the "Parties") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the complaint on the merits and with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Parties to the Stipulation having consented to the entry of this Order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED, this 26th day of February, 2020, that:

---

[1]  "DB Defendants" are Deutsche Bank Contingent Capital LLC II, Deutsche Bank Contingent Capital Trust II, Deutsche Bank Capital Funding Trust IX, Deutsche Bank Capital Funding LLC IX, Deutsche Bank Capital Funding LLC X, Deutsche Bank Capital Funding Trust X, Deutsche Bank Contingent Capital LLC III, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital LLC V, Deutsche Bank Contingent Capital Trust V, Deutsche Bank Capital Funding LLC VIII, Deutsche Bank Capital Funding Trust VIII, Josef Ackermann, Jonathan Blake, Hugo Banziger, Anthony Di Iorio, Martin Edelmann, Hermann-Josef Lamberti, Rainer Rauleder, Peter Sturzinger, and Marco Zimmermann.

[2]  "Underwriter Defendants" are UBS Securities LLC, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, individually and as successor by merger to defendant Banc of America Securities LLC, Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC), Morgan Stanley & Co., and Deutsche Bank Securities Inc.

4829-5900-3816.v3

1. The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members, subject to further consideration at the Settlement Hearing described in ¶2 below.

2. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on June 11, 2020, at 4:30 p.m. ET, which is a date at least one hundred (100) calendar days from the date of this Order, for the following purposes:

      (a)     to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

      (b)     to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the complaint filed herein on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Persons;

      (c)     to determine whether the release by the Released Persons of the Released Defendants' Claims, as set forth in the Stipulation, should be provided;

      (d)     to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

      (e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses, including Class Plaintiffs' expenses, from the Settlement Fund; and

      (f)     to rule upon such other matters as the Court may deem appropriate.

3. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Members of the Class, provided that the time or the date of the

Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above.

4. The Court reserves the right to approve the Settlement, including, if appropriate, with any such modifications as may be agreed to by the Parties without further notice to the Class. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5. The Court approves the form, substance and requirements of: the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"); the Proof of Claim and Release form (the "Proof of Claim"); and the Summary Notice (the "Summary Notice"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7 and 13 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

6. The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator.

7. Within fourteen (14) calendar days of the entry of this Order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.DeutscheBankSecuritiesSettlement.com.

4829-5900-3816.v3

8.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired securities in the Class Offerings as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

9.     Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10.    All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

11.    The Escrow Agent or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund, to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with

4829-5900-3816.v3

respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

12.     Lead Counsel shall submit their papers in support of final approval of the Settlement and application for an award of attorneys' fees and expenses, by no later than May 7, 2020 (a date thirty-five (35) calendar days prior to the Settlement Hearing). All reply papers in support of such motions shall be filed and served by no later than June 4, 2020 (a date seven (7) calendar days prior to the Settlement Hearing).

13.     The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over *Business Wire* within seven (7) calendar days of the Notice Date. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of the publication of the Summary Notice.

14.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

15.     Any Member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund and shall forever be barred from sharing in the Net Settlement Fund. In all other

- 5 -

respects, however, any such Member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Judgment unless such Member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

16.　　Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such request shall mail the request to the Claims Administrator by first-class mail postmarked no later than May 21, 2020 (a date twenty-one (21) calendar days prior to the Settlement Hearing), to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s) and number of shares of securities purchased or acquired in the Class Offerings. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Putative Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.　　Lead Counsel shall cause to be provided to Deutsche Bank's counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, within the sooner of three (3) days of Lead Counsel's receipt or seven (7) days prior to the Settlement Hearing.

18.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the Class.

19.     Objections to the Settlement, the Plan of Allocation, the application by or on behalf of Lead Counsel for an award of attorneys' fees and expenses, or any application by Class Plaintiffs for an amount pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class in this Litigation, and any supporting papers shall be filed with the Court on or before May 21, 2020 (a date twenty-one (21) calendar days prior to the Settlement Hearing), and also delivered by hand or first-class mail to Theodore J. Pintar, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and David G. Januszewski, Cahill Gordon & Reindel LLP, 80 Pine Street, New York, NY 10005, by that same date.  Any such objection must: (a) clearly indicate the objector's name, mailing address, daytime telephone number and e-mail address; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or attorneys' fee and litigation expense application (including Class Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4)) in *In re Deutsche Bank AG Securities Litigation*, Master File No. 1:09-cv-01714-GHW-RWL; (c) specify the reason(s), if any, for the objection, including any legal support for such objection; (d) state whether the objection applies only to the objector, to a subset of the Class, or to the entire Class; (e) state the date(s), price(s) and number of shares of securities purchased or acquired in the Class Offerings; and (f) provide written documentation (whether from the objector's bank, broker or otherwise) of such trading.  In order to be considered, an objection also must be signed by the Class Member making the objection.  Attendance at the Settlement Hearing is not necessary.  However, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation and/or the request by Lead

Counsel for attorneys' fees and expenses (including Class Plaintiffs' request for expenses), are required by the deadline noted above to indicate in their written objection their request to appear at the Settlement Hearing and to include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20. Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Lead Counsel's application for an award of attorneys' fees and expenses (or Class Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4)) by the deadline noted above in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, shall not be entitled to appear at the Settlement Hearing and shall be deemed a Class Member and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Final Judgment to be entered approving the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and expenses (including Class Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4)).

21. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of his/her/its own choice. If he/she/it does not enter an appearance, he/she/it will be represented by Lead Counsel.

22. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Class Plaintiffs nor any Class Member, either directly, representatively or in any other capacity shall

commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

23.     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Order, the Plan of Allocation and/or further orders of the Court.

24.     As provided in the Stipulation, the Escrow Agent may pay the Claims Administrator out of the Settlement Fund the reasonable fees and costs associated with giving notice to the Class, the review of claims and the administration of the Settlement without further order of the Court.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Class Plaintiffs nor Lead Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and administration.

25.     The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

DATED:  February 26, 2020

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

4829-5900-3816.v3

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re DEUTSCHE BANK AG SECURITIES LITIGATION | : | Master File No. 1:09-cv-01714-DAB-RWL |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | NOTICE OF PENDENCY AND PROPOSED |
| | : | SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : | |
| | x | EXHIBIT A-1 |

**TO:** **ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE 7.35% NONCUMULATIVE TRUST PREFERRED SECURITIES OF DEUTSCHE BANK CAPITAL FUNDING TRUST X, AND/OR THE 7.60% TRUST PREFERRED SECURITIES OF DEUTSCHE BANK CONTINGENT CAPITAL TRUST III, PURSUANT OR TRACEABLE TO THE PUBLIC OFFERINGS THAT COMMENCED ON OR ABOUT NOVEMBER 6, 2007 AND FEBRUARY 14, 2008 (THE "CLASS OFFERINGS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) ON OR BEFORE _____, 20\_\_.**

      This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Class Plaintiffs Norbert G. Kaess and Maria Farruggio (collectively, "Class Plaintiffs") and Defendants Deutsche Bank AG, the DB Defendants[1] and the Underwriter Defendants[2] (collectively, "Defendants"); (ii) the proposed $18.5 million settlement reached therein (the "Settlement"); and (iii) the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (which may include Class Plaintiffs' request for an amount pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class). This Notice describes what steps you may take in relation to the Settlement and this class action.[3]

---

[1]  "DB Defendants" are Deutsche Bank Contingent Capital LLC II, Deutsche Bank Contingent Capital Trust II, Deutsche Bank Capital Funding Trust IX, Deutsche Bank Capital Funding LLC IX, Deutsche Bank Capital Funding LLC X, Deutsche Bank Capital Funding Trust X, Deutsche Bank Contingent Capital LLC III, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital LLC V, Deutsche Bank Contingent Capital Trust V, Deutsche Bank Capital Funding LLC VIII, Deutsche Bank Capital Funding Trust VIII, Josef Ackermann, Jonathan Blake, Hugo Banziger, Anthony Di Iorio, Martin Edelmann, Hermann-Josef Lamberti, Rainer Rauleder, Peter Sturzinger, and Marco Zimmermann.

[2]  "Underwriter Defendants" are UBS Securities LLC, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, individually and as successor by merger to defendant Banc of America Securities LLC, Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC), Morgan Stanley & Co., and Deutsche Bank Securities Inc.

[3]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated November 11, 2019 (the "Stipulation"), which is available on the website www.DeutscheBankSecuritiesSettlement.com.

4835-2416-9640.v4

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to Defendants or the merits of the claims or defenses asserted by or against Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked (if mailed) or received (if submitted online) on or before _____, 20__.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against Defendants or any other Released Persons related to the legal claims being resolved by this Settlement. **Exclusions must be postmarked on or before _____, 20__.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses to Lead Counsel or Class Plaintiffs. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel for the Settling Parties on or before _____, 20__.** |
| **GO TO THE HEARING ON _____, 20__** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel for the Settling Parties on or before _____, 20__.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $18.5 million settlement fund has been established (the "Settlement Amount"). The Settlement Amount and any interest earned thereon is the "Settlement Fund." Based on Class Plaintiffs' estimate of the number of allegedly damaged shares of securities purchased by Class Members in the Class Offerings, the average distribution per share under the Plan of Allocation is roughly $1.44 for the 7.35% Preferred Securities and $0.24 for the 7.60% Preferred Securities, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and allowable attorneys' fees and expenses as

determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

## Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Litigation. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of the securities purchased in the Class Offerings were allegedly artificially inflated (if at all) at the time of purchase; (4) the effect of various market forces on the price of those securities at the time of the Class Offerings; (5) the extent to which external factors influenced the price of those securities at the time of the Class Offerings; (6) the extent to which the various matters that Class Plaintiffs alleged were materially false or misleading influenced (if at all) the price of those securities at the time of the Class Offerings; and (7) the extent to which the various allegedly adverse material facts that Class Plaintiffs alleged were omitted influenced (if at all) the price of those securities at the time of the Class Offerings.

## Statement of Attorneys' Fees and Expenses Sought

Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Class Plaintiffs and the Members of the Class, nor have they been paid for their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Amount and expenses not to exceed $1,300,000, plus interest earned on the awarded amounts at the same rate as earned by the Settlement Fund. Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation with no expectation of payment unless they were successful in obtaining a recovery for the Class. These fees and expenses, if awarded by the Court at the maximum amounts identified in this paragraph, amount to an average cost of approximately $0.58 per allegedly damaged share of the 7.35% Preferred Securities and $0.10 per allegedly damaged share of the 7.60% Preferred Securities purchased in the Class Offerings. The average cost per damaged security will vary depending on the number of acceptable Proofs of Claim submitted. In addition, Class Plaintiffs have expended considerable time and resources in leading the prosecution of this Litigation since their appointment by the Court. Accordingly, as part of Lead Counsel's application for an award of fees and expenses, Class Plaintiffs may seek an award pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class in an amount not to exceed $20,000 for both.

## Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-476-7307, or visit the website www.DeutscheBankSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

## Reasons for the Settlement

Class Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial and additional appeals, a process that could last several years into the future. For Defendants, which have denied and continue to deny all allegations of liability, fault or wrongdoing whatsoever in connection with this matter, the principal reason for entering into the Settlement is to eliminate the uncertainty, costs and burdens inherent in any litigation, especially in complex cases such as this Litigation.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired securities in the Class Offerings.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *In re Deutsche Bank AG Securities Litigation*, Master File No. 1:09-cv-01714-DAB-RWL. The case has been assigned to the Honorable Deborah A. Batts. The plaintiffs representing the Class are the "Class Plaintiffs," and the persons and entities they sued are called Defendants.

| 2. | What is this lawsuit about? |
|---|---|

On February 24, 2009, the first of six putative class action complaints was filed. Following consolidation of the complaints, on November 23, 2009, the Court appointed Lead Plaintiffs and Lead Counsel and directed the filing of a Consolidated Amended Complaint ("CAC"). The CAC, filed on January 25, 2010, alleged violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933

(the "Securities Act") by Deutsche Bank and certain individual defendants, underwriters, and the auditor relating to a Form F-3 Registration Statement and Prospectus filed with the Securities and Exchange Commission on October 10, 2006, and various prospectus supplements to that Registration Statement (collectively, the "Offering Materials") used to conduct the Offerings.[4]

Defendants moved to dismiss the CAC on March 26, 2010. On August 19, 2011, the Court granted with prejudice the motion to dismiss with respect to Plaintiffs' §§11, 12(a)(2) and 15 claims relating to the October 2006 Offering. The Court denied Defendants' motions with respect to the remaining offerings.

On August 23, 2011, the Second Circuit issued an opinion in *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011) ("*Fait*"). Defendants subsequently moved for reconsideration of the Court's August 19, 2011 Order, arguing that *Fait* constituted an intervening change in the governing law. On August 9, 2012, the Court granted Defendants' motion to reconsider and dismissed the CAC with prejudice and without leave to amend.

Plaintiffs appealed the Court's August 9, 2012 order, and on July 16, 2014, the Second Circuit affirmed the Court's dismissal of the action. Plaintiffs then filed a petition for a writ for certiorari on February 13, 2014. While Plaintiffs' petition was pending, the Supreme Court issued a decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015) ("*Omnicare*").

On June 8, 2015, the Supreme Court granted Plaintiffs' petition for certiorari, vacating the Judgment and remanding "for further consideration in light of [*Omnicare*]." On July 21, 2015, the Second Circuit recalled the Mandate, vacated the Court's Judgment, and remanded the case for further proceedings which "may, but shall not necessarily, include allowing plaintiffs to replead their causes of action."

On July 27, 2015, Defendants filed a motion requesting the Court to dismiss Plaintiffs' complaint and deny leave to amend. On August 7, 2015, Plaintiffs informed the Court of its intention to request leave to file the Third Consolidated Amended Complaint ("TCAC") to incorporate the new *Omnicare* pleading standard. On September 15, 2015, the Court denied Defendants' motion and granted Plaintiffs leave to file the TCAC.

The TCAC, filed on October 15, 2015, alleged that Deutsche Bank, certain individuals and the underwriters violated §§11, 12(a)(2) and 15 of the Securities Act by, *inter alia*, misrepresenting or omitting material facts in the Offering Materials. The TCAC specifically alleged that Deutsche

---

[4]  "Offerings" means: (i) the 6.375% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust VIII, issued October 10, 2006; (ii) the 6.55% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust II, issued May 16, 2007; (iii) the 6.625% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust IX, issued July 16, 2007; (iv) the 7.35% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust X, issued November 6, 2007; (v) the 7.60% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust III, issued February 14, 2008; and (vi) the 8.05% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust V, issued May 5, 2008.

Bank omitted disclosures related to exposures to $20 billion of RMBS and CDOs backed by risky mortgages and its losses on RMBS during 2007. The TCAC alleged that Deutsche Bank failed to disclose the true extent of the risks facing the bank.

Defendants moved to dismiss the TCAC on December 14, 2015. On July 25, 2016, the Court upheld Plaintiffs' claims concerning the November 2007 and February 2008 offerings with respect to the allegations regarding Item 303 and Item 503 of Regulation S-K, while dismissing claims stemming from the other Offerings. Defendants filed their Answer on October 24, 2016.

Defendants moved to deny class certification on February 21, 2018. Plaintiffs filed an opposition to Defendants' motion and a motion to certify a class for both the November 2007 and February 2008 offerings on March 7, 2018. On October 2, 2018, the Court granted Plaintiffs' motion to certify the class and named Lead Plaintiffs Norbert G. Kaess and Maria G. Farruggio as class representatives for the surviving claims concerning the November 2007 and February 2008 offerings.

Upon the conclusion of all discovery in April 2019, in an effort to resolve the Litigation, Plaintiffs and Defendants engaged the services of former U.S. District Judge Layn R. Phillips, an experienced mediator, and participated in a full-day in-person mediation session with Judge Phillips on May 1, 2019. The parties were unable to reach an agreement on May 1, 2019, and the Litigation continued.

Defendants moved for summary judgment on July 31, 2019. Shortly before Plaintiffs' opposition was due, the parties engaged in additional settlement discussions, which culminated with the parties agreeing to settle the Litigation for $18,500,000, subject to the terms of a Stipulation of Settlement and approval by the Court.

| 3. | Why is there a settlement? |
|----|---|

The Court has not decided in favor of Defendants or in favor of Class Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs and risks of further litigation, and Class Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

To see if you will receive payment from this Settlement, you first have to decide if you are a Class Member.

| 4. | How do I know if I am a Member of the Class? |
|----|---|

The Court directed that everyone who fits this description is a Class Member: ***all Persons or entities who purchased or otherwise acquired securities in the Class Offerings***, except those Persons and entities that are excluded.

Excluded from the Class are Defendants, the officers and directors of Deutsche Bank and the Underwriter Defendants at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are Class Members that validly and timely exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 20__.

| 5. | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-476-7307 or you can fill out and return the Proof of Claim enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Deutsche Bank has agreed to pay (or cause to be paid) $18.5 million in cash to be distributed after taxes, fees, and expenses, *pro rata*, to Class Members who send in or submit a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proofs of Claim that Class Members send in or submit, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.DeutscheBankSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than _____, 20__.** The Proof of Claim may be submitted online at www.DeutscheBankSecuritiesSettlement.com.

| 9. | **When would I get my payment?** |

 The Court has scheduled a Settlement Hearing on **_____, 20__, at _____ .m.,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | **What am I giving up to get a payment or to stay in the Class?** |

 Unless you timely and validly exclude yourself, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Related Parties" means each of Defendants' direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate families, marital communities or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors.

- "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule, ordinance, administrative provision or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both: (i) the purchase or acquisition of the securities in the Offerings; and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Class Plaintiffs in the Litigation. For avoidance of doubt, this release will apply: (i) to all defendants named in any complaint filed in the Litigation, or in any actions consolidated with the Litigation, whether or not they are named as defendants in the Third Consolidated Amended Complaint, and their Related Parties (*i.e.*, their directors, officers, employees, parents, subsidiaries, agents, assigns, insurers, partners, predecessors, successors and counsel); and (ii) to each of the six Offerings of trust preferred securities guaranteed

by Deutsche Bank.  "Released Claims" does not include claims to enforce the Settlement.  "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means the Defendants and their Related Parties.

- "Unknown Claims" means any and all Released Claims which Class Plaintiffs, Plaintiffs' Counsel or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of the Class Plaintiffs, Plaintiffs' Counsel, or any Class Members, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel or Class Members, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel or Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, principle of common law or any provision of foreign law, which is similar, comparable or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member,

upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I opt out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Deutsche Bank Securities Settlement*." You **cannot** exclude yourself by telephone or e-mail. Your letter must include your purchases and acquisitions of securities in the Class Offerings, including the dates, the number of shares of securities purchased or acquired and price paid for each such purchase or acquisition. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 20__** to:

*Deutsche Bank Securities Settlement*
c/o Gilardi & Co. LLC
Claims Administrator
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA 94901

Your exclusion request must comply with these requirements in order to be valid. If you ask to be excluded, you will not receive any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants and the other Released Persons about the Released Claims in the future.

4835-2416-9640.v4

| 12. | **If I do not exclude myself, can I sue Defendants and the other Released Persons for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 20__.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But, if you do exclude yourself, you may have the right to potentially sue or be part of a different lawsuit against Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Glancy Prongay & Murray LLP represent the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | **How will the lawyers be paid?** |
|---|---|

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $1,300,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, and do not otherwise exclude yourself from the Class, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or Class Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4). You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement, Plan of Allocation, and/or fee and expense application in the *Deutsche Bank Securities Settlement*.  Include your name, mailing address, daytime telephone number, e-mail address and your signature, identify the date(s), price(s) and number of shares of securities you purchased or acquired in the Class Offerings and/or sold and state your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense

4835-2416-9640.v4

application, including any legal support for such objection. The reasons for the objection must be stated with specificity, and you must state whether the objection applies only to you, to a subset of the Class or to the entire Class. You must also include copies of documents demonstrating such purchase(s), acquisition(s) and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____, 20\_\_:**

| **COURT** | **LEAD COUNSEL** | **DEUTSCHE BANK'S COUNSEL** |
|---|---|---|
| CLERK OF THE COURT<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>    United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | ROBBINS GELLER<br>    RUDMAN & DOWD LLP<br>THEODORE J. PINTAR<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | CAHILL GORDON &<br>    REINDEL LLP<br>DAVID G. JANUSZEWSKI<br>80 Pine Street<br>New York, NY 10005 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court has scheduled a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court has scheduled a Settlement Hearing at \_\_\_\_ .m. ET, on _____, 20\_\_, in the Courtroom of the Honorable Deborah A. Batts at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court may listen to people who have asked to speak at the hearing. The Court may also issue a ruling on Lead Counsel's application for attorneys' fees and expenses (which request may include Class Plaintiffs' application for an amount not to exceed $20,000 for both pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class). After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing, or adjourn the

4835-2416-9640.v4

Settlement Hearing, without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.DeutscheBankSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

| 19. | **Do I have to come to the hearing?** |

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | **May I speak at the hearing?** |

If you object to the Settlement, the Plan of Allocation and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Deutsche Bank Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any award to Class Plaintiffs for their representation of the Class) and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than _____, 20\_\_**, and addressed to the Clerk of Court, Lead Counsel and Deutsche Bank's counsel at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | **What happens if I do nothing?** |

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case, ever again.

## GETTING MORE INFORMATION

| 22. | **How do I get more information?** |

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-476-7307. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement-related papers filed in the Litigation, which are posted on the Settlement website at

www.DeutscheBankSecuritiesSettlement.com, and may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $18.5 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and administration expenses, and approved attorneys' fees and expenses and any award to Class Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in securities purchased in the Class Offerings.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel have conferred with their damages consultant.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

Accordingly, the calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than or equal to $0.00, the claim per share shall be $0.00.

In order to have recoverable damages, claimants must have purchased or otherwise acquired shares of at least one of the following securities in the Class Offerings: (i) Deutsche Bank Capital Funding Trust X 7.35% Noncumulative Trust Preferred Securities (the "7.35% Preferred Securities")[5]; and/or (ii) Deutsche Bank Contingent Capital Trust III 7.60% Trust Preferred Securities (the "7.60% Preferred Securities").[6] Additionally, in order to have recoverable damages,

---

[5] The CUSIP number for the 7.35% Preferred Securities is: 25154D102.

[6] The CUSIP number for the 7.60% Preferred Securities is: 25154A108.

4835-2416-9640.v4

claimants must have purchased or otherwise acquired their shares of these securities pursuant or traceable to certain of the registration statements in the Class Offerings.[7]

In developing the Plan of Allocation, Class Plaintiffs' damages expert calculated the estimated cumulative declines in the prices of both the 7.35% and 7.60% Preferred Securities that were allegedly proximately caused by Defendants' alleged omissions in the Offering Materials. In calculating the estimated cumulative declines in the prices of these securities caused by those omissions, Class Plaintiffs' damages expert considered the price changes in the securities in reaction to events where the undisclosed risks, uncertainties, and trends were realized, adjusting the price change for factors that were attributable to market, industry, or foreign exchange forces, and for non-fraud related Deutsche Bank-specific information.

The Net Settlement Fund will be allocated to claimants as follows: (a) claimants who purchased or otherwise acquired the 7.35% Preferred Securities shall be allocated approximately 74% of the Net Settlement Fund; and (b) claimants who purchased or otherwise acquired the 7.60% Preferred Securities shall be allocated approximately 26% of the Net Settlement Fund. Among other factors, in formulating the overall allocation, the Class Plaintiffs' damages expert considered the maximum potential damages of each group of purchasers within the Class.

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of the 7.35% and 7.60% Preferred Securities made pursuant or traceable to the Offering Materials, that is listed on the Proof of Claim form and for which adequate documentation is provided. If a "Recognized Loss Amount" calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. The sum of each Class Member's "Recognized Loss Amounts" shall be the "Recognized Claim" for each Class Member.

A "claim" will be calculated as follows:

1.    **Recognized Loss Amount for the 7.35% Preferred Securities**

For each of the 7.35% Preferred Securities purchased or otherwise acquired prior to April 29, 2008, pursuant or traceable to the Offering Materials, and:

(a)    sold prior to April 30, 2008, the claim per security is zero;

(b)    sold on or after April 30, 2008, but prior to July 14, 2008, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $0.64 per share;

---

[7] These registration statements were: October 10, 2006 Shelf Registration Statement on Form F-3; the Prospectus Supplement filed on November 7, 2007 (the "November 2007 Prospectus Supplement"); and the Prospectus Supplement filed on February 12, 2008 (the "February Prospectus Supplement") (collectively, the "Registration Statements" or "Offering Materials").

(c)     sold on or after July 14, 2008, but prior to October 8, 2008, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $1.96 per share;

(d)     sold on or after October 8, 2008, but prior to October 24, 2008, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $2.96 per share;

(e)     sold on or after October 24, 2008, but prior to March 14, 2014, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $3.81 per share; and

(f)     held as of March 14, 2014, or redeemed on or after March 14, 2014, the claim per security is zero.

## 2.     Recognized Loss Amount for the 7.60% Preferred Securities

For each of the 7.60% Preferred Securities purchased or otherwise acquired prior to April 29, 2008, pursuant or traceable to the Offering Materials, and:

(a)     sold prior to April 30, 2008, the claim per security is zero;

(b)     sold on or after April 30, 2008, but prior to July 14, 2008, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $0.46 per share;

(c)     sold on or after July 14, 2008, but prior to October 8, 2008, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $0.98 per share;

(d)     sold on or after October 8, 2008, but prior to October 24, 2008, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $1.76 per share;

(e)     sold on or after October 24, 2008, but prior to February 16, 2018, the claim per security shall be the *least* of: (i) the purchase price *less* the sales price, (ii) $25.00 *less* the sales price, and (iii) $2.53 per share; and

(f)     held as of February 16, 2018, or redeemed on or after February 16, 2018, the claim per security is zero.

If a Class Member held 7.35% and/or 7.60% Preferred Securities at the beginning of the period specified on the Proof of Claim form or made multiple purchases, acquisitions or sales of such securities during or after the period specified on the Proof of Claim form, the starting point for calculating a claimant's Recognized Loss Amount is to match the claimant's holdings, purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, the 7.35% and 7.60% Preferred Securities sold during the periods specified on the Proof of Claim

form will be matched, in chronological order, against the respective securities purchased or acquired during the periods specified on the Proof of Claim form.

The date of purchase, acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of securities purchased in the Class Offerings shall not be deemed a purchase, acquisition or sale of securities for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such securities unless specifically provided in the instrument of gift or assignment.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all securities described above are subtracted from all losses. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Class Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or other Person designated by Lead Counsel, Defendants, or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Claims Administrator and Lead Counsel to reconsider the determination.

Defendants, their counsel and all other Released Persons will have no responsibility or liability whatsoever with respect to the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the payment or non-payment of any claim, including the allocation or distribution of proceeds from the Settlement Fund. Class Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth above and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if economically feasible, make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net

Settlement Fund is *de minimis* and such remaining balance shall then be distributed to an appropriate non-profit charitable organization serving the public interest selected by Lead Counsel.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired securities in the Class Offerings for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period; or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expenses and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Deutsche Bank Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43320
Providence, RI  02940-3320
www.DeutscheBankSecuritiesSettlement.com

DATED:  _____          BY ORDER OF THE COURT
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF NEW YORK

4835-2416-9640.v4

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | |
| In re DEUTSCHE BANK AG SECURITIES LITIGATION | : | Master File No. 1:09-cv-01714-DAB-RWL |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | PROOF OF CLAIM AND RELEASE |
| | : | |
| ALL ACTIONS. | : | EXHIBIT A-2 |
| | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | |

## I.	GENERAL INSTRUCTIONS

1.	To recover as a Member of the Class based on your claims in the action entitled *In re Deutsche Bank AG Securities Litigation*, Master File No. 1:09-cv-01714-DAB-RWL (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.	Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.	YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN_____, 20__, ADDRESSED AS FOLLOWS:

> *Deutsche Bank Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43320
> Providence, RI  02940-3320
> Online Submissions: www.DeutscheBankSecuritiesSettlement.com

4.	If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

5.	If you are a Member of the Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.	CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired the 7.35% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust X, and/or the 7.60% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust III, pursuant or traceable to the public offerings that commenced on or about November 6, 2007 and February 14, 2008 (the "Class Offerings") and held the certificate(s)

- 1 -

in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired the securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the securities that form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.

Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by that entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in securities purchased in the Class Offerings on one Proof of Claim, no matter in how many accounts the transactions were made).

All joint purchasers or acquirers must sign this Proof of Claim.  Executors, administrators, guardians, conservators and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this Proof of Claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your

4844-1220-7016.v4

titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Parts II and III of this form entitled "Schedule of Transactions of Securities in the Class Offerings" to supply all required details of your transaction(s) in such securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of securities in the Class Offerings and as requested on the claim form, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* such securities you held at the close of trading on the dates specified for each security.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

For each transaction, copies of broker confirmations or other documentation of your transactions in securities in the Class Offerings should be attached to your Proof of Claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

A purchase, acquisition or sale of securities in the Class Offerings shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.DeutscheBankSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

4844-1220-7016.v4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Deutsche Bank AG Securities Litigation*

Master File No. 1:09-cv-01714-DAB-RWL

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:**

_____, 20__

<u>Please Type or Print</u>

PART I:       CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____    _____
City                                    State or Province

_____    _____
Zip Code or Postal Code              Country

_____    _____    Individual
Social Security Number or            _____    Corporation/Other
Taxpayer Identification Number

_____    _____
Area Code             Telephone Number (work)

_____    _____
Area Code             Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:    SCHEDULE OF TRANSACTIONS OF SECURITIES IN THE CLASS
            OFFERINGS – 7.35% PREFERRED SECURITIES

A.    Purchases or acquisitions of the 7.35% Preferred Securities that were purchased or
      acquired in the Class Offerings (November 6, 2007 - March 14, 2014, inclusive):

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase or<br>Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

B.    Sales of 7.35% Preferred Securities that were purchased or acquired in the Class
      Offerings (November 6, 2007 - March 14, 2014, inclusive):

| Trade Date<br>Month Day Year | Number of Shares Sold | Total Sale Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.    Number of shares of 7.35% Preferred Securities held at the close of trading on
      March 14, 2014:  _____

If you require additional space, attach extra schedules in the same format as above.  Sign and

print your name on each additional page.


**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN**

**THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF**

**YOUR CLAIM.**

4844-1220-7016.v4

**PART III:** SCHEDULE OF TRANSACTIONS OF SECURITIES IN THE CLASS OFFERINGS – 7.60% PREFERRED SECURITIES

A. Purchases or acquisitions of the 7.60% Preferred Securities that were purchased or acquired in the Class Offerings (February 12, 2008 - February 16, 2018, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

B. Sales of 7.60% Preferred Securities that were purchased or acquired in the Class Offerings (February 12, 2008 – February 16, 2018, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sale Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C. Number of shares of 7.60% Preferred Securities held at the close of trading on February 16, 2018: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

4844-1220-7016.v4

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Deutsche Bank securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of securities in the Class Offerings or sales of such securities thereafter and know of no other person having done so on my (our) behalf.

## V. RELEASE

1.      Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally and forever settle, release and discharge from the Released Claims each and all of the "Released Persons," defined as Defendant Deutsche Bank AG, the DB Defendants,[1] and the Underwriter Defendants[2] and their Related Parties. "Related Parties" means

---

[1]    "DB Defendants" means Deutsche Bank Contingent Capital LLC II, Deutsche Bank Contingent Capital Trust II, Deutsche Bank Capital Funding Trust IX, Deutsche Bank Capital Funding LLC IX, Deutsche Bank Capital Funding LLC X, Deutsche Bank Capital Funding Trust X, Deutsche Bank Contingent Capital LLC III, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital LLC V, Deutsche Bank Contingent Capital Trust V, Deutsche Bank Capital Funding LLC VIII, Deutsche Bank Capital Funding Trust VIII, Josef Ackermann, Jonathan Blake, Hugo Banziger, Anthony Di Iorio, Martin Edelmann, Hermann-Josef Lamberti, Rainer Rauleder, Peter Sturzinger, and Marco Zimmermann.

[2]    "Underwriter Defendants" means UBS Securities LLC, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, individually and as successor by merger to defendant

each of Defendants' direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate families, marital communities or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors.

2.      "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule, ordinance, administrative provision or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both: (i) the purchase or acquisition of the securities in the Offerings; and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Class Plaintiffs in the Litigation.  For avoidance of doubt, this release will apply: (i) to all defendants named in any complaint filed in the Litigation, or in any actions consolidated with the Litigation, whether or not they are named as defendants in the Third Consolidated Amended Complaint, and

---

Banc of America Securities LLC, Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC), Morgan Stanley & Co., and Deutsche Bank Securities Inc.

4844-1220-7016.v4

their Related Parties (*i.e.*, their directors, officers, employees, parents, subsidiaries, agents, assigns, insurers, partners, predecessors, successors and counsel); and (ii) to each of the six Offerings of trust preferred securities guaranteed by Deutsche Bank.  "Released Claims" does not include claims to enforce the Settlement.  "Released Claims" includes "Unknown Claims" as defined below.

3.      "Unknown Claims" means any and all Released Claims which Class Plaintiffs, Plaintiffs' Counsel or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of the Class Plaintiffs, Plaintiffs' Counsel, or any Class Members, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel or Class Members, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel or Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, principle of common law

or any provision of foreign law, which is similar, comparable or equivalent to California Civil Code §1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in securities purchased or acquired in the Class Offerings and as requested on the claim form, as well as the closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,

                                  (Month/Year)             (City)

_____.

        (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates or other documentation as they will not be returned.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED (IF MAILED) OR RECEIVED (IF
SUBMITTED ONLINE) NO LATER THAN _____, 20__, ADDRESSED AS
FOLLOWS:**

*Deutsche Bank Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43320
Providence, RI 02940-3320
www.DeutscheBankSecuritiesSettlement.com

- 12 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| In re DEUTSCHE BANK AG SECURITIES LITIGATION | : | Master File No. 1:09-cv-01714-DAB-RWL |
|  | : |  |
|  | : | <u>CLASS ACTION</u> |
|  | : |  |
| This Document Relates To: | : | SUMMARY NOTICE |
|  | : |  |
| ALL ACTIONS. | : | EXHIBIT A-3 |
|  | : |  |
|  | x |  |

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE 7.35% NONCUMULATIVE TRUST PREFERRED SECURITIES OF DEUTSCHE BANK CAPITAL FUNDING TRUST X, AND/OR THE 7.60% TRUST PREFERRED SECURITIES OF DEUTSCHE BANK CONTINGENT CAPITAL TRUST III, PURSUANT OR TRACEABLE TO THE PUBLIC OFFERINGS THAT COMMENCED ON OR ABOUT NOVEMBER 6, 2007 AND FEBRUARY 14, 2008 (THE "CLASS OFFERINGS")**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Southern District of New York, a hearing will be held on _____, 20__, at ___ _.m. ET, before the Honorable Deborah A. Batts at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the Litigation for the sum of $18,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against Deutsche Bank AG, the DB Defendants[1] and the Underwriter Defendants[2] (together, the "Defendants") as set forth in the Stipulation of Settlement dated November 11, 2019; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon (which request may include an amount for Class Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) in connection with

---

[1]    "DB Defendants" means Deutsche Bank Contingent Capital LLC II, Deutsche Bank Contingent Capital Trust II, Deutsche Bank Capital Funding Trust IX, Deutsche Bank Capital Funding LLC IX, Deutsche Bank Capital Funding LLC X, Deutsche Bank Capital Funding Trust X, Deutsche Bank Contingent Capital LLC III, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital LLC V, Deutsche Bank Contingent Capital Trust V, Deutsche Bank Capital Funding LLC VIII, Deutsche Bank Capital Funding Trust VIII, Josef Ackermann, Jonathan Blake, Hugo Banziger, Anthony Di Iorio, Martin Edelmann, Hermann-Josef Lamberti, Rainer Rauleder, Peter Sturzinger, and Marco Zimmermann.

[2]    "Underwriter Defendants" means UBS Securities LLC, Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, individually and as successor by merger to defendant Banc of America Securities LLC, Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC), Morgan Stanley & Co., and Deutsche Bank Securities Inc.

- 1 -

their representation of the Class).  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

IF YOU PURCHASED OR OTHERWISE ACQUIRED SECURITIES IN THE CLASS OFFERINGS, YOUR RIGHTS MAY BE AFFECTED BY THIS LITIGATION AND THE SETTLEMENT THEREOF.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Deutsche Bank Securities Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 43320, Providence, RI 02940-3320, or by downloading this information at www.DeutscheBankSecuritiesSettlement.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release **online** at www.DeutscheBankSecuritiesSettlement.com **by _____, 20__, or by mail postmarked no later than _____, 20__**, establishing that you are entitled to a recovery.  You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, postmarked by _____, 20__.

If you purchased or otherwise acquired securities in the Class Offerings and you desire to be excluded from the Class, you must submit a request for exclusion such that it is **postmarked no later than _____, 20__**, in the manner and form explained in the detailed Notice referred to above.  All Members of the Class who do not validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court and also delivered by hand or first-class mail to each of the following addresses such that it is *received no later than* **_____, 20__:**

*Court:*

CLERK OF THE COURT
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Lead Counsel:*

ROBBINS GELLER RUDMAN & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA 92101

*Deutsche Bank's counsel:*

CAHILL GORDON & REINDEL LLP
DAVID G. JANUSZEWSKI
80 Pine Street
New York, NY  10005

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

4851-6607-6072.v2