USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DEUTSCHE BANK AG SECURITIES LITIGATION | Master File No. 1:09-cv-01714-GHW-RWL |
| | CLASS ACTION |
| This Document Relates To: | ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS PLAINTIFFS PURSUANT TO 15 U.S.C. §77z-1(a)(4) |
| ALL ACTIONS. | |

This matter having come before the Court on June 11, 2020, on the motion of Lead Counsel for an award of attorneys' fees and expenses (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Order incorporates by reference the definitions in the Stipulation of Settlement dated November 11, 2019 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3.  Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §77z-1(a)(7), the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.  The Court hereby awards Lead Counsel attorneys' fees in the amount of one-third of the Settlement Amount, plus expenses in the amount of $1,203,502.39, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶7.2 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered all the factors articulated in *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), and found that:

(a) the Settlement has created a fund of $18,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b) over 112,300 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed one-third of the Settlement Amount and for expenses in an amount not to exceed $1,300,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c) Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel has expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Plaintiffs' Counsel have devoted over 26,000 hours, with a lodestar value of $16,069,646.00, to achieve the Settlement;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Second Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to 15 U.S.C. §77z-1(a)(4), the Court awards the total amount of $20,000 to Class Plaintiffs Norbert G. Kaess and Maria Farruggio for the time they spent directly related to their representation of the Class.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: June 11, 2020

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I Eric I. Niehaus, hereby certify that on June 4, 2020, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/ Eric I. Niehaus
ERIC I. NIEHAUS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  ericn@rgrdlaw.com