USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re DEUTSCHE BANK AG SECURITIES : Master File No. 1:09-cv-01714-DAB-RWL
LITIGATION :
: <u>CLASS ACTION</u>
:
This Document Relates To: : FINAL JUDGMENT
:
    ALL ACTIONS. :
:

---

On the 11th day of June, 2020, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated November 11, 2019 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Persons, should be approved; (2) whether judgment should be entered dismissing the Litigation on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Class; and (4) whether and in what amount to award fees and expenses incurred in prosecuting this Litigation to Lead Counsel and/or Class Plaintiffs.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired securities in the Class Offerings,[1] as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice of Pendency and Proposed Settlement of Class Action, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray; and the Court having considered and determined the fairness and reasonableness of

---

[1]    "Class Offerings" means the 7.35% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust X, and/or the 7.60% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust III, pursuant or traceable to the public offerings that commenced on or about November 6, 2007 and February 14, 2008.

the award of attorneys' fees and expenses requested by Lead Counsel and Class Plaintiffs; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Litigation, the Class Plaintiffs, all Class Members and Defendants.

2. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all individuals and entities entitled thereto. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.

3. The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

4. The Litigation is hereby dismissed in its entirety with prejudice (except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class

(identified in Exhibit A hereto)), without costs as to Defendants, except as and to the extent provided in the Stipulation.

5.      The releases as set forth in ¶¶5.1-5.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.32 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

6.      Upon the Effective Date, Class Plaintiffs and each of the Class Members who have not timely opted out of the Class are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Persons in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

7.      Upon the Effective Date, Class Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons. Class Plaintiffs and each Class Member are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

8.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged Class Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to or in connection with the

institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

9. Neither this Judgment, the Stipulation nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein nor any payment or consideration provided for therein, shall be:

(a) offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Released Persons with respect to the truth of any fact alleged by the Class Plaintiffs or the validity of any claim that has been or could have been asserted in this Litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation or of any liability, negligence, fault or wrongdoing of the Released Persons;

(b) offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Persons;

(c) offered or received against the Released Persons as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Released Persons as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Class Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Released Persons have any merit or that damages recoverable under the complaint would not have exceeded the Settlement Fund.

10. Notwithstanding the provisions of the preceding paragraph, the Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Court finds that Deutsche Bank, on behalf of all Defendants, has satisfied its financial obligations under the Stipulation by paying or causing to be paid $18,500,000 to the Settlement Fund and shall not be subject to any liability with respect to the allocation or distribution of the Settlement Fund.

12. The Court finds and concludes that the Class Plaintiffs, Lead Counsel, Defendants and counsel to the Defendants have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and/or settlement of this Litigation.

13. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or application by Class Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class shall in no way disturb or affect this

Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses (including Class Plaintiffs' application for an amount pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class).

14. Any appeal or any challenge affecting the approval of: (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) the Court's approval of any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

15. Jurisdiction is hereby retained over the Defendants, the Class Plaintiffs and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

16. In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, ¶¶8.5, 8.6 and 8.7 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to September 23, 2019.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. Defendant has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

19. The Court has considered the objection filed by Richard D. Agay, and finds that it is without merit for all the reasons set forth in the Reply Memorandum of Law in Further Support of

Class Plaintiffs' Motion for Final Approval of Settlement and Approval of Plan of Allocation and for an Award of Attorneys' Fees and Expenses and an Award to Class Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4), and in Response to Objection, filed June 4, 2020. In particular, the Court finds that: (i) the delay in delivering the Notice and Proof of Claim to Mr. Agay was not due to any act or omission by Class Plaintiffs, Defendants, their counsel, or the Claims Administrator; (ii) Mr. Agay redeemed his 7.60% Preferred Securities on February 20, 2018 for $25.00 per security and therefore has no statutory damages under the Securities Act of 1933, and his recognized loss under the Plan of Allocation is zero; and (iii) the release by the Class Plaintiffs and the Class of all Released Claims properly applies to all Class Members and is not overbroad. Furthermore, as stated on the record during the June 11, 2020 conference, the Court understands the Agay objection to have been withdrawn.

20.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

The Clerk of Court is directed to terminate all pending motions, adjourn all deadlines, and close this case.

DATED: June 11, 2020

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# EXHIBIT A
*In re Deutsche Bank AG Securities Litigation,*
Master File No. 1:09-cv-01714-GHW-RWL

## INDIVIDUALS WHO HAVE VALIDLY AND TIMELY REQUESTED EXCLUSION FROM THE CLASS

1. Eric P. Altenbernd
2. Jeanne Carda
3. Marilyn Lago
4. Betty E. Crane